CRITTENDEN COUNTY v. CRUMP.

FEES. An officer is entitled only to such *fees* as the law expressly prescribes.

*Appeal from Crittenden Circuit Court.*

Hon. J. M. HANKS, Circuit Judge.

WATKINS & ROSE, for appellants.

J. M. HARRELL, for appellee.

GREGG, J.

It appears from the transcript that the appellee, at the April term, 1867, presented to the Crittenden county court his account for $100, for alleged services in making and filing a copy of the original assessment list for the year 1866–7, and $30 for three months office rent. Total, $130.

The claimant submitted to the court his account and proofs. Upon consideration whereof, the court overruled and disallowed the account, and the appellee filed his motion for a new trial, which was overruled, and he tendered his bill of exceptions and prayed an appeal to the circuit court.

The case was heard *de novo* in the circuit court, and a finding in favor of the claimant of $100, for copying assessment list.

The record shows that complainant proved that he "made out and filed, in the office of the clerk of Crittenden county, for said county, a copy of the original assessment list, made by him of the taxable property in said county, for the year 1866, which was all the testimony produced."

Whereupon the county moved the court to declare the law to be, "that the said appellant (Crump) having been elected and accepted his office since the passage of the law requiring

him to make and file a copy of the original assessment list, is
not entitled to any additional pay therefor, beyond the com-
missions allowed him by law for assessing and collecting the
same for the State and county;" which the court refused to do,
and the appellant excepted. The court, sitting as a jury, found
for the appellee one hundred dollars, and rendered judgment
accordingly; to which finding and judgment the county ex-
cepted and appealed to this court. She here assigns for error:
1st. The refusing to declare the law as moved. 2d. The court
erred in its finding. 3d. The court erred in overruling the mo-
tion for a new trial.

The appellee insists that he was required to render the ser-
vice charged for; and, as there was no provision made by law to
pay for such services, he was entitled to what other officers
received for similar services under *sec.* 28, *chap.* 69, *Gould's
Digest.*

An officer is not entitled to fees for every specific act done by
him officially. He can only collect where the law makes pro-
vision to pay him. See cases hereinafter cited.

The law declares the assessor shall, within a fixed time, take
an account of the taxable inhabitants, property, and privileges
made taxable in his county, and make separate alphabetical
lists of residents and non-residents; he shall advertise through-
out the county the time he will meet tax-payers at their re-
spective precincts; he shall make lists of his assessments, and
furnish owners of property with lists, if required, and admin-
ister an oath to each tax-payer; he shall have non-residents'
lands valued by three householders, &c.; he shall file, in the
office of the clerk of his county, his assessment list, with a
*certified copy* thereof; he shall, within every three months, call
on each merchant, grocer, druggist, &c., &c., and know if they
have purchased or received any goods, &c., &c.

Now, the question is, did the General Assembly intend the
$2\frac{1}{2}$ per cent. allowed on the amount of the tax list, should com-
pensate the assessor for all these various acts; if not, for which
particular duty shall he receive his $2\frac{1}{2}$ per cent.? Is it for

taking an account of the taxable inhabitants, property and privileges, and making the alphabetical lists of residents and non-residents, or for going around and advertising, or for meeting the tax-payers at their respective precincts and swearing them to their respective lists, or for filing his original tax list and *copy thereof?* The whole subject of assessing taxes is embraced in one act, and the various duties of the assessor therein prescribed, and a general provision made to pay for such services.

The law does not declare that the assessor shall have fees or a certain per cent. for listing the property, for obtaining its value, for returning, copying, &c., but his duties are prescribed, and the law declares that " each assessor shall receive and be entitled to two and a half per centum on the amount of taxes levied on his assessment list." For what was it intended he should have this emolument? Certainly, for all the duties to be by him performed as assessor.

It is urged that certain county courts have been accustomed to ordering large bills paid their sheriffs, for such services as claimed in this account. Such arguments show the public necessity for correcting the abuse, rather than influence higher courts to sustain such wrongs upon the body politic.

If the assessor can charge the county for copying his assessment list, he could, with equal propriety, charge for riding over his county and advertising, for summoning and swearing householders to value of property, or for mileage, in cases wherein he is required to visit each merchant, trader, grocer, &c., once every three months; and, upon the ground here assumed, that no fees are prescribed and other officers get pay for similar services. Such unusual riding, &c., is certainly as distinct from what may be called assessing, as the copying of tax lists. And will it be contended he is to have fees for that service? A large sum for advertising, swearing householders, &c., &c.? We think not, and we repeat, the law does not say the assessor shall have so much *for assessing*, but declares the duties to be performed, and then declares the assessor shall have 2½ per cent. for his services; and, to our minds, it is quite clear the Legis-

lature intended he should receive that sum only, for all the duties by law enjoined upon him, and this conclusion is well sustained by authority. See 7 *Ohio*, 239; 1 *Const. Rep.*, (*S. C.*,) 198; *Baker v. City of Utica,* 19 *N. Y.*, (5 *Smith,*) 326; *Jones v. Supervisors, &c.,* 14 *Wis.*, 518; *Minor, ex parte,* 2 *Hill,* (*N. Y.*,) 411; 4 *Scam.*, (*Ill.*,) 163; *Miami v. Blake,* 21 *Ind.*, 82.

The court erred in not declaring the law as moved by the attorney for the county.

And we might add, the evidence, as disclosed by the bill of exceptions, wholly failed to show the number of words copied from the tax list, or otherwise disclose the value of the services rendered, from which the court below could legally have found the sum of one hundred dollars adjudged to the appellee, had the law entitled him to a recovery. And for that reason the court should have granted the motion for a new trial. *Watkins, surv., v. Rogers,* 21 *Ark.*, 298; *Russell v. Cady, surv.*, 15 *Ark.*, 540, and other reported cases of this court.

For the errors pointed out, the judgment of the Crittenden circuit court is reversed, and the case remanded, to be proceeded in according to this opinion.