HODGES *v.* PRAIRIE COUNTY.

Opinion delivered July 23, 1906.

COUNTY TREASURER—COMPENSATION.—Under Kirby's Digest, § 3504, providing that the county treasurer shall be allowed as fees four per centum on the first thousand dollars, and not exceeding two per centum on all the sums over that amount, *held* that the treasurer's salary is fixed in amount by the total of the county funds coming into his hands, but in the settlement of the salary each fund contributes its own proportion and pays in its own kind.

Appeal from Prairie Circuit Court; *George M. Chapline,* Judge; affirmed.          ·

*George C. Lewis,* for appellant.

The county treasurer is entitled to charge 4 per cent. where the amount received does not exceed $1,000 in one year, and 2 per cent. on sums exceeding that amount, to be paid out of the respective funds. Kirby's Digest, § 3508. He is required to keep a separate account with each road district. Kirby's Digest, § 7332. A fair construction of the statute is that each fund for which the treasurer must keep a separate account should be treated as a separate and distinct fund, in so far as relates to his commission, and that each should be tolled 4 per cent. on the first $1,000 and 2 per cent. thereafter.

*F. E. Brown,* for appellee.

The county road tax is one fund, made so by the Constitution, Amendment 5. Distributing the fund amongst the various road districts into which the county may be divided does not change its character nor create separate funds.

HILL, C. J. This appeal involves the construction of section 3508, Kirby's Digest, which is: "The county treasurer shall be allowed fees as follows: In all cases where the amount received does not exceed $1,000 in any one year, four per centum; on all sums over $1,000, not exceeding two per centum, to be paid out of the respective funds." This legislation is part of the system providing for compensation for officers. It is the statute fixing the county treasurer's emoluments, and is not directed towards any other end.

It is the duty of the treasurer to receive all the county revenue, and pay and disburse the same on warrants or orders drawn by order of the county court. Kirby's Digest, § 1159. He must report to the quorum court a statement of all funds received by him, "and from whom and on what account." Kirby's Digest, § 1499, par. 3.

County taxes are payable in currency of the United States or scrip or warrants of the county. Kirby's Digest, § 1504. When the revenue is received in whatever kind of funds, it is at once carried to the account for which it was raised, and is

paid out only on order on that particular fund. Kirby's Digest, § 1505. For these services the compensation is based on the amount received annually; four per centum on $1,000, and not exceeding two per centum on all sums over $1,000. This must be taken as referable to all the county revenue; for the statute is looking to compensation based on annual receipts. Upon the total revenue the salary is fixed; but in the settlement of the salary each fund must pay its own proportion, and pay in its own kind. This is manifestly fair, for some funds may all be raised in cash, some all in warrants; or the higher percentage might be taken before other funds would be received, and the burden of this salary not fall equally upon each fund. Therefore, the Legislature wisely charged this salary to the respective funds.

In this case the contest was over the compensation to be charged against the road tax, levied and collected under authority of Constitutional Amendment No. 5.

It is provided by section 7332, Kirby's Digest, that the treasurer shall keep a separate account with each road district, and present his accounts to the quorum court showing the funds of each road district separately. From this it is contended that each fund for which the treasurer must keep a separate account should be taken as a distinct and separate fund, in so far as the treasurer's commission is concerned, and that each fund should be tolled 4 per cent. on the first $1,000 and 2 per cent. thereafter. The Road Tax Amendment contemplates the levying and collection of the county road tax—a single fund. Subsequent legislation required the separation of the tax according to districts (Kirby's Digest, 7332, 7333), but this did not prevent this fund being a single fund as it came into the treasurer's hand. Like the general revenue fund derived from the five-mill tax, it was one fund as received by him, but the county court would order it separated into many funds. The separation of funds received by the treasurer is not the test of the amount of his compensation. All funds are taken to ascertain the total amount. When ascertained, then his percentage is tolled from each fund in kind; the higher percentage of course chargeable proportionately to each fund, so that no fund bear a greater proportionate burden than another.

Appellant points to section 3509, Kirby's Digest, as furnish-

ing a legislative construction of the rule governing the treasurer's commission in accordance with his theory. The county treasurer is *ex officio* treasurer of the school fund of his county. Const. art. 7, § 46. The school fund is not a county fund, but belongs to each school district separately. Each district levies and disburses its own taxes, and the treasurer is merely the banker for all of them. The Legislature specially provided for his compensation in this other capacity in the section referred to (3509), but that section does not touch the question involved here.

The judgment is affirmed.