HONEY *v.* GREENE COUNTY.

Opinion delivered January 29, 1912.

1. COUNTIES—CLAIMS—COMPENSATION OF OFFICER.—A county court may not allow a claim of fees for services rendered by an officer, in the absence of specific statutory authority to the officer to make charge therefor. (Page 107.)

2. COUNTY TREASURER—FEES.—Kirby's Digest, section 3508, providing that "the county treasurer shall be allowed fees as follows: in all cases where the amount does not exceed $1,000 in any one year four per centum; on all sums over $1,000 not exceeding two per centum, to be paid out of the respective funds," contemplates the allowance of fees on all county revenue, but not upon funds belonging to a drainage district. (Page 107.)

Appeal from Greene Circuit Court; *Frank Smith*, Judge; affirmed.

*Appellant, pro se.*

Ditch organizations perform only governmental functions. 135 Ill. 269; 123 S. W. 892. Section 3508 of Kirby's Digest fixes the county treasurer's compensation. 80 Ark. 62. The county treasurer can not make a charge for services rendered unless authorized to do so by statute. 57 Ark. 487. But the statute authorizes a charge for handling the road fund. (80 Ark. 62), and it as clearly authorizes the payment of commissions on the funds of a drainage district.

*M. P. Huddleston* and *Johnson & Burr,* for appellee.

Appellant must show statutory authority for making the charge. 57 Ark. 487. The courts can only administer the law as it is written. 25 Ark. 235; 44 Ark. 31; 32 Ark. 45; 31 Ark. 266. The road tax is a county fund and properly chargeable with the treasurer's commission; but that is not true of the funds of a drainage district.

HART, J. Appellant as treasurer of Greene County filed his settlement with the county court, in which he claimed 2 per cent. commission on two sums of money belonging to Cache River Drainage District No. 1. The first item is the charge of 2 per cent. on $60,000, the proceeds of sale of the bonds of the district; the second is 2 per cent. on $6,149.24, being the annual assessments charged against the lands of the district to pay the annual interest on the bonds. The county court refused to allow appellant credit for commissions on either of said amounts; appellant appealed to the circuit court, and that court affirmed the judgment of the county court and rendered judgment in favor of the district.

The sole question for decision is whether a county treasurer is entitled to charge and retain commissions as against the funds belonging to a drainage district organized under the general laws of this State. To authorize a county court to allow a claim of fees for services rendered by an officer, there must be specific statutory authority to the officer to make a charge for the service. *Logan County* v. *Trimm,* 57 Ark. 487. In this case counsel for appellant claims that such authority is given by section 3508, Kirby's Digest. It is as follows:

"The county treasurer shall be allowed fees as follows: In all cases where the amount received does not exceed one

thousand dollars in any one year, four per centum; on all sums over one thousand dollars, not exceeding two per centum, to be paid out of the respective funds."

To support their contention, they cite the case of *Hodges v. Prairie County*, 80 Ark. 62, where the court allowed the treasurer commissions under section 3508 to be charged against the road tax levied and collected under authority of Constitutional Amendment No. 5. We do not think this case sustains the contention of appellant, because the court in the opinion expressly declares that the money collected under the road tax amendment is a county fund, and on that account the treasurer is entitled to commissions under section 3508. In that case the court said that the school fund is not a county fund, but belongs to each school district separately. The county treasurer is not entitled to commissions against the school fund under section 3508, but under section 3509 which is specially directed to the school fund. We think the fees allowed the treasurer under section 3508 are commissions on all the county revenue. The drainage district fund is not a county fund, but is a fund belonging to the drainage district. Each district levies and disburses its own funds.

The Legislature has not provided any compensation for the county treasurer in regard to these funds, and the courts can provide none.

The judgment will be affirmed.