FULLER *v.* STATE FOR THE USE OF CRAIGHEAD COUNTY *et al.*

Opinion delivered March 9, 1914.

1. COUNTY TREASURER—FEES—DRAINAGE DISTRICT.—A county treasurer is not entitled to a commission on the sale of the bonds of a drainage district. (Page 94.)

2. COUNTY TREASURER—FEES.—Where no commission is allowed the county treasurer by law, on a sum of money collected by him, it is a fraud in law to make a claim for a commission, or to be allowed a commission. (Page 95.)

3. COUNTY OFFICERS—FEES—FRAUD—RELIEF.—Where the county treasurer collected a fee to which he was not entitled, and which constituted a fraud in law, after the expiration of two years and the

matter has passed beyond the control of the county court, equity has jurisdiction to relieve against the fraud. (Page 95.)

Appeal from Craighead Chancery Court, Western District; *Charles D. Frierson,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

The complaint in this cause was filed on July 24, 1912, and alleged that Drainage District No. 3 of Craighead County was created by the orders and judgment of the county court of that county, acting pursuant to the provisions of section 1414 *et seq.,* of Kirby's Digest, and the amendments thereto; and that the plaintiffs are the owners of land subject to taxation in said district. That the defendant Fuller was the treasurer of Craighead County and his co-defendants were the sureties upon his bond, as such. That said district was organized prior to July 4, 1910, and was authorized to issue, and did issue, $77,500 in bonds to pay the costs and expense of location and construction of the improvements contemplated in the organization of said district, and the said treasurer after due advertisement sold said bonds at par and received the money from the purchaser and reported the sale to the court authorizing it.

That said Fuller at the July term, 1910, of the county court and on the 6th day of July, presented his account, or settlement, and fraudulently included in said account a claim for $1,550, or 2 per cent commission, on the sum obtained at the sale of the bonds, and fraudulently induced the court to approve said settlement, whereby he was allowed said commissions, which he appropriated to his own use.

A demurrer to the complaint was overruled and appellants, without waiving their demurrer, filed an answer in which they admitted the organization of the district, the sale of the bonds and the allowance of the commissions, but appellants say no deception was practiced upon the court in procuring said allowance, but, upon the contrary, appellant Fuller alleges he, in good faith, believed he was entitled to the commission, and was not present

when the settlement was passed upon and the allowance made; and that no representation of any kind was made to the court except that the fund had been handled and the commissions thereby earned. A demurrer to the answer was sustained, and appellants declined to plead further, and judgment was thereupon rendered against them, and this appeal is prosecuted to reverse that judgment.

*Horace Sloan* and *Basil Baker,* for appellant.

The county court has the authority to investigate the claims for commissions presented by a treasurer in his settlement, and to allow or reject the same. When a claim is so allowed or rejected, it becomes a judgment upon the confirmation of the settlement, which becomes final at the expiration of the term unless it is appealed from. 39 Ark. 486; 37 Ark. 532. Such an allowance is not only a judgment, but is of such dignity that it can not be impeached collaterally. 37 Ark. 649.

More than two years having elapsed since the judgment in this case, the same can not be vacated in chancery except upon proof of fraud upon the court rendering the judgment whereby it was induced to render it. If the court rendering the judgment mistook the law, that, of itself, did not constitute fraud. Kirby's Dig., § 7174; 101 Ark. 358; 108 Ark. 415; 14 Ark. 170; 49 Ark. 311; 30 Ark. 603; 24 Ark. 550; 50 Ark. 102; 51 Ark. 205.

*M. P. Huddleston,* for appellees.

With respect to the funds coming into his hands, a treasurer stands in a fiduciary relationship toward the public, such as that of a trustee to his *cestui que trust,* or a guardian to his ward, etc.

Under the drainage statute authorizing the county treasurer to sell the bonds of the district, his authority to receive the money paid for the same is necessarily implied. In the absence of any provision in the statute allowing him a commission for handling the money so received, the county court was without authority to allow him such commission, and its claim and allowance was a legal fraud. 10 N. Y. 402; 11 Paige 21; 9 Paige 237; 22

Wall. 329, 22 Law Ed. 788. The chancery court had jurisdiction to impeach and set aside the settlement on the ground of fraud, notwithstanding more than two years had elapsed since the date of its confirmation. 49 Ark. 311; 101 Ark. 358.

SMITH, J., (after stating the facts.)    Under the allegations of the answer, appellant Fuller was acting in entire good faith in procuring the order allowing the commissions, and did nothing to procure this order except to file the report, or settlement, in which the allowance was asked. That he was not entitled to the commission is settled by the case of *Honey* v. *Green County,* 102 Ark. 106.

This suit was brought more than two years after the allowance in question had been made and appellants say that, under section 7174 of Kirby's Digest, a judgment of the county court can not be reviewed except upon proof of fraud in its procurement. That section reads as follows: "Whenever any error shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the court, at any time within two years from the date of such settlement to reconsider and adjust the same." It is said that the case of *State* v. *Perkins,* 101 Ark. 358, is authority for the proposition that the demurrer to the answer was erroneously sustained. In that case the county court had erroneously allowed a collector, upon the approval of his collector's account, a commission of 5 per cent, and this seems to have been done in accordance with a custom to that effect which had obtained in that county. The county court's mistake and error consisted in computing the commission at 5 per cent on each separate fund, instead of computing it upon the aggregate collection, upon the graduated basis fixed by the statute. Kirby's Digest, § 7072; *Wilson* v. *State,* 51 Ark. 212. It was said in the *Perkins* case, *supra,* which was brought more than two years after the confirmation of the collector's settlement, that there was no proof of any fraud or concealment in procuring its confirmation, and the proceeding was dismissed on that ac-

count. But this case is distinguished from that case, because there a commission was due the collector and a mistake was made in the amount of the commission allowed, while in the instant case no commission could be allowed, and it was a fraud in law to make a claim for any commissions, or to be allowed any.

In the case of *State* v. *Turner,* 49 Ark. 311, the accounts of a collector were attacked by a bill in chancery, but it appeared from the allegations of the bill that the collector was not in default, either in settling with the county court, or in paying over the amounts that were found due. The complaint, however, alleged that the court had been imposed upon and overreached, and the State, county and school districts for which the funds had been collected had been defrauded in making these settlements, whereby a less amount was received than was actually due, and that since more than two years had elapsed after the date of such settlement before the errors were discovered, it was too late for the county court to interfere and correct these errors. The question arose whether the sheriff and his sureties could be sued in equity, and it was there said: "Our conclusion is, that when frauds, errors and improper credits are discovered in a collector's settlement after the lapse of two years, when the county court has lost control of the matter, relief may be had in chancery upon an allegation of fraud, because no other court is competent to grant relief, the settlement being conclusive at law; and the securities on his bond may be made parties and a decree rendered against them, on a recovery against him, for the reasons that are stated in *Clark* v. *Shelton,* 16 Ark. 480."

The allowance of the commission, in the face of the fact that no statute gave authority therefor, is a fraud in law, against which equity will relieve, after the two years have expired and the judgment has passed beyond the control of the county court, and the decree will therefore be affirmed.