## HALEY *v.* THOMPSON.

Opinion delivered January 11, 1915.

1. COUNTY OFFICERS—SETTLEMENTS—DISCHARGING SETTLEMENT.—Proceedings to set aside the judgment of the county court confirming settlements made by the collector of the county, in which he accounted for certain assessments collected by him for various drainage districts in the county, are authorized by Kirby's Digest, § § 7174 and 7175, which provide that where any error in the settlement of a county officer made with the county is discovered, the court may, at any time, within two years from the date of the settlement, reconsider and adjust the same.

2. COUNTY OFFICERS—SETTLEMENTS—ERRORS OF LAW.—Under Kirby's Digest, § 7174, which provides that "where any error shall be discovered" in the settlement of a county officer the same may be corrected within two years from the date of the settlement, the language of the statute *held* to include errors of law as well as errors of facts.

3. DRAINAGE DISTRICTS—COLLECTOR—FEES.—The general drainage district statute contains no provision for the payment of any commission to a collector, and there is no authority in law for the allowance of a commission to him.

Appeal from Greene Circuit Court, First Division; *J. F. Gautney,* Judge; affirmed.

### STATEMENT BY THE COURT.

Proceedings were instituted in the county court of Greene County by the State of Arkansas, for the use of certain drainage districts in that county, and W. C. Thompson, as treasurer of said county; the districts, on behalf of which the proceedings were brought, having all been established under the general drainage statutes of this State; sections 1414 *et seq.,* Kirby's Digest. The proceedings were instituted by filing in the county court motions to set aside the judgments of the court confirming settlements which had been filed by appellant as collector of that county, in which he accounted for the assessments collected by him for the years 1911 and 1912 for the various drainage districts of that county.

The proceedings were had under the authority of sections 7174 and 7175 of Kirby's Digest, and the hearing was had on April 2, 1913, at which time the court sus-

tained the motions, opened the settlements and surcharged them to the extent of rendering judgment against appellant for the amount which had been allowed him as commissions for collecting said assessments. A similar judgment was rendered by the circuit court upon appeal to that court, and this appeal has been prosecuted from that judgment.

At the trial below, the county judge, who had approved the settlements, testified that he allowed the commissions under the apprehension that appellant was entitled to them, and that the calculation of these commissions on these assessments was made just as they were made on the other taxes collected by appellant.

It is urged that these proceedings were not authorized by law; that there was a defect of parties; and that the provisions of sections 7174 and 7175 of Kirby's Digest do not apply, because the error complained of was an error of law, if an error at all, and, finally, that the commissions deducted were proper credits.

*Block & Kirsch, Geo. A. Burr* and *R. E. L. Johnson,* for appellant.

1. These proceedings were not authorized by law. Kirby's Dig., § § 7174-5.

2. The provisions, *supra,* do not apply here because the error complained of was an error at law, if an error at all. The statute only contemplates the correction of errors of fact.

3. Any taxpayer has the right to appeal. 39 Ark. 485; 90 *Id.* 219; 30 *Id.* 603.

4. The commissions deducted were proper credits. 102 Ark. 106; Kirby's Dig., § 1437; *Ib.* § § 1435, 7072.

5. The demurrer should have been sustained upon the grounds of nonjoinder and defective parties, and that the county court obtained no jurisdiction either of the person or subject-matter. Kirby's Dig., § § 7174-5. The commissions were properly chargeable as matter of law.

*Appellees, pro sese.*

1. There is no defect of parties. 30 Ark. 603-8.

2. The court had power to correct any errors growing out of questions of law or of fact. Kirby's Dig., § § 7174-5; 51 Ark. 212; 100 *Id.* 571; 101 *Id.* 358.

3. The collector was not entitled to charge commissions on the funds. Kirby's Dig., § § 1437, 7072, 6872-7222; 102 Ark. 106; 57 *Id.* 487.

SMITH, J., (after stating the facts). (1) There was no defect of parties; and the provisions of sections 7174 and 7175 of Kirby's Digest authorized this proceeding. By section 7174 it is provided that "Whenever any error shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the court, at any time within two years from the date of such settlement, to reconsider and adjust the same." Section 7175 provides for giving notice.

(2) It is insisted that this statute does not apply because the error made was one of law, and not one of fact, and that any taxpayer of the district might have made himself a party to this settlement and had the right to have it corrected upon appeal to the circuit court. Relief, no doubt, might have been had in this manner; but the section quoted does not limit the right of the court to correct errors of fact only. The language of the statute is "Whenever *any* error shall be discovered," and this language must necessarily include errors of law as well as those of fact.

The final and important question in the case is whether any error was committed in the approval of this settlement. It appears that the drainage districts in question are the same districts against which a commission was claimed by the treasurer of Greene County, which claim was passed upon by this court in the case of *Honey* v. *Greene County,* 102 Ark. 106. It was there held that the county treasurer was not entitled to such commissions, for the reason that the drainage district fund was not a county fund, but a fund belonging to the drainage district. That each district levies and disburses its own funds, and that as no provision had been made for the payment of commissions, none could be charged. It

was there said that "To authorize a county court to allow a claim of fees for services rendered by an officer, there must be specific statutory authority to the officer to make a charge for the services," a question which had been so decided in several previous decisions of this court.

(3) No provision is contained in the general drainage statute, under which these districts were established, for the payment of any commission to the collector, and the same rule would necessarily apply to him which applies to the treasurer, and there was, therefore, no authority in law for the allowance of these commissions. *Fuller* v. *State* ex rel. *Drainage Dist.*, 164 S. W. 770; *Helena Special School Dist.* v. *Kitchens*, 108 Ark. 137.

The judgment of the circuit court is, therefore, affirmed.