PARTAIN v. GREENE COUNTY.

Opinion delivered April 16, 1923.

DRAINS—COMMISSIONS OF COLLECTOR.—Under special act of February 24, 1915, providing that the collector of Greene County "shall be allowed a commission of two per cent. for collecting the revenues," *held* that the collector was entitled to two per cent. for collecting the drainage taxes or assessments in drainage districts in Greene County.

Appeal from Greene Circuit Court, First Division; *W. W. Bandy,* Judge; reversed.

*Jeff Bratton,* for appellant.

Appellant was entitled to collect the 2 per cent. commission claimed for collecting the taxes in drainage district. General law, § 10071. C. & M. Digest. *Haley v. Thompson,* 116 Ark. 354, was amended by special act 78, Acts 1915, p. 273, so as to allow the commission for collection of drainage taxes in Greene County; § 3590, C. & M. Digest; 1 Page & Jones, Taxation by Assessment, 79; 106 Ill. 547; § 3634, C. & M. Digest; also § 4624.

*M. P. Huddleston,* for appellees.

Sole question for decision is whether § 10071, C. & M. Digest, has been amended by special act 78, Acts 1915, applicable to Greene County, to allow commissions for collecting drainage district taxes. Case turns upon meaning of word "revenues." Could not be collected under general law. *Honey v. Greene County,* 102 Ark. 106; *Haley v. Thompson,* 116 Ark. 354; *Black v. Special School Dist.,* 116 Ark. 472. "Revenue" defined. *State v. School Fund Commissioners,* 4 Kan. 261; *Com.* v. *Bailey,* 3 Ky. Law. Rep. 110; *U. S.* v. *Norton,* (N. Y.); 2 Caro. Cv.

Rep. 358; 7 Words & Phrases, 6208.  Case should ·be affirmed.

HART, J.  The only issue raised by this appeal is whether or not R. H. Partain, as tax collector of Greene County, Ark., is entitled to a commission for collecting the drainage taxes or assessments in certain enumerated districts in said county during the year 1921.  The drainage districts in question were established under the general law regulating the establishment of such districts.

Sec. 10071 of Crawford & Moses' Digest is a part of our revenue law providing fees to the tax collector for making collection of the revenue, and reads as follows:

"Said collector shall be allowed commission for collecting the revenue as follows:  For the first ten thousand dollars collected, five per cent. in kind; for all sums over ten thousand dollars and under twenty thousand dollars collected, three per cent. in kind; for all sums over twenty thousand dollars collected, two per cent. in kind."  Act March 31, 1883, par. 120, p. 199.

In *Haley* v. *Thompson*, 116 Ark. 354, the court held that, because the general drainage district statutes contain no provision for the payment of any commission to the collector, there is no authority in law for the allowance of a commission to him for collecting drainage assessments.  This decision was rendered on January 11, 1915, and the drainage districts in question were organized in Greene County under our general drainage statutes.  The Legislature in session at that time, by an act approved February 24, 1915, amended the sections of the Digest fixing the fees of the circuit and chancery clerk and the county and probate clerk of Greene County.

The special act also amended § 7072 of Kirby's Digest, which corresponds with § 10071 of Crawford & Moses' Digest.  The amendment applies only to Greene County, which reads as follows:  "Said collector shall be

allowed a commission of two per cent. for collecting the revenues.'' Acts of 1915, pp. 261 and 273.

We think the change in the section from the word ''revenue'' to ''revenues'' is significant, and shows that the Legislature intended to allow the collector of taxes a commission for collecting the drainage taxes in Greene County. The section providing for the commission to the collector not only changed it from a sliding scale to a fixed per cent., but changed the word ''revenue'' from the singular to the plural. When the act of March 31, 1883, providing fees for the tax collector, was enacted, there was no statute providing for the creation of drainage districts. Our drainage acts were enacted later, and it was made the duty of the tax collector to collect the assessments, without providing any compensation therefor. Hence he could not charge any commission for the collection of the assessments.

When the amendment was made by the special act above referred to, in 1915, the drainage statutes had been enacted, and it was, under them, the duty of the tax collector to collect the drainage assessments. Our decision in *Haley* v. *Thompson, supra,* had just been rendered. Hence the Legislature evidently intended to provide the tax collector a commission for so doing, and changed the word ''revenue'' to the plural in order to allow him commissions on all taxes and assessments which it was his duty to collect.

Therefore the judgment of the circuit court will be reversed, and the cause remanded for further proceedings according to law.