ROAD IMPROVEMENT DISTRICT No. 4 *v.* SMITH.

Opinion delivered June 2, 1924.

TAXATION—COLLECTOR'S COMMISSION.—Under Road Acts 1919, vol. 2, p. 2286, § 12, providing that the tax collector shall receive the same commission for collecting road taxes as for county and State taxes, *held* that the gross amount of road taxes collected each year must be added to the total amount of county and State taxes collected for same year, and on the whole his commission is to be as fixed by Crawford & Moses' Dig., § 10071.

Appeal from Cleveland Circuit Court; *Turner But-ler,* Judge; reversed.

STATEMENT OF FACTS.

Road Improvement District No. 4, Cleveland County, Arkansas, brought this suit in the circuit court against

John E. Smith, as collector of Cleveland County, Arkansas, to recover from him excessive amounts charged for the collection of road district taxes.

According to the allegations of the complaint, the plaintiff is a road improvement district created by a special act of the Legislature, approved April 2, 1919. The plaintiff was created for the purpose of improving a designated public road in Cleveland County, Arkansas, and the Legislature described the lands which were included within the boundaries of the district. In compliance with the provisions, of the act, the plaintiff caused an assessment of benefits to the lands to be made and entered in an assessment book. The assessment book so made was duly delivered to John E. Smith, sheriff and ex-officio collector of taxes of Cleveland County, Arkansas. Said assessment book contains a description of each tract of land within the boundaries of the district, together with the name of the owner and the amount of taxes to be collected for the plaintiff, as levied by the commissioners of said improvement district.

During the tax collecting period for the year 1920 the defendant collected road taxes for said district in the amount of $9,061.62, and at the same time State and county taxes to the amount of $81,270.12. During the tax collecting period of 1921 the defendant collected for said district road taxes amounting to $9,031.80, and State and county taxes amounting to $90,880.09. During the tax collecting period of 1922 the defendant collected road taxes for said district amounting to $8,800.99, and State and county taxes amounting to $86,334.95. The defendant, in paying over the road taxes to the treasurer of the road improvement district, deducted a commission each year for collecting the taxes in the sum of 5 per cent., being more than he was entitled to as commissions for collecting said road taxes.

The prayer of the complaint is that the plaintiff have judgment against the defendant for the sum of $683.29, with interest, as specified in the complaint.

The defendant filed a demurrer to the complaint, which was sustained by the court. The plaintiff refused to plead further, and it was adjudged that the complaint should be dismissed. The case is here on appeal.

*Rowell & Alexander,* for appellant.

Section 10071 C. & M. Digest provides for the fees to be allowed the collector for general taxes, and by the special act creating the district the same fee is fixed for collecting the road tax. The method of computing the commission allowed the sheriff is particularly set out in 51 Ark. 212, which is to be upon the aggregate amount collected. Any other computation is erroneous. 101 Ark. 358; 112 Ark. 91.

*W. B. Sorrels,* for appellee.

The act plainly states that that commission is to be 5% on the first ten thousand dollars collected, and does not read that the commission shall be the "average percentage" nor a "just ratable proportion." The office of interpretation is to bring sense out of words used, not to bring sense into them. 47 Ark. 404. The language being plain and unambiguous, the court cannot give it a different meaning to subserve public policy or to maintain its constitutionality. 59 Ark. 237. The Legislature must be understood to mean what it has plainly expressed, and this excludes construction. 65 Ark. 521; 93 Ark. 42. See also 74 Ark. 302.

HART, J., (after stating the facts). The correctness of the decision of the court below depends upon the construction to be placed upon § 12 of the act creating the road improvement district in question. See Road Acts of 1919, vol. 2, p. 2286. Section 12 reads as follows:

"The secretary of the board shall each year, on or before the first day of January, make out and deliver to the collector of Cleveland County a book showing all lands, railroads and tramroads, telegraph, pipe and telephone lines and street-car lines within the district, in parcels as the same appears upon the county assessment book of Cleveland County, the name of the owner there

appearing, and the amount of taxes to be collected for Road Improvement District No. 4 in Cleveland County, as levied by the commissioners of said district, and it is made the duty of the collector of said county to collect said taxes, along with the other taxes, and for his services the collector shall have and receive the same commission that he is allowed for collecting the taxes of the county and State. Said taxes, when collected, shall be paid over to the treasurer of the district at the same time he pays over the county funds. If the collector shall fail to collect the taxes hereby provided for, along with the other taxes, he shall be subject to a penalty of one hundred dollars for each instance in which he shall collect from an individual the other taxes and omit the road tax provided for herein, unless the said road tax has been enjoined by a court of competent jurisdiction, the said penalty to be recovered in a suit by the commissioners to the use of the district.''

The section makes it the duty of the collector to collect the road taxes along with the other taxes, and provides that he shall receive the same commission therefor that he is allowed for collecting the taxes of the county and State.

Section 10071 of Crawford & Moses' Digest providing for the fees to be allowed the collector for collecting State, county and general taxes, is as follows:

''Said collector shall be allowed commissions for collecting the revenue as follows: For the first ten thousand dollars collected, five per cent. in kind; for all sums over ten thousand dollars and under twenty thousand dollars collected, three per cent. in kind; for all sums over twenty thousand dollars collected, two per cent. in kind.''

In *Wilson* v. *State*, 51 Ark. 212, it was held that the commission of the collector is limited by this statute to five per cent. upon the first ten thousand dollars of the whole amount of taxes collected, three per cent. upon the next ten thousand, and two per cent. upon the excess

over twenty thousand dollars, where the aggregate amount collected exceeds the latter sum.

The decision of the circuit court was based upon the theory that the compensation of the collector for collecting the road taxes should be made under the rule laid down in the case just cited, without taking into consideration the amount of State and county taxes collected by him. This was error.

Section 12 of the road act provides that the secretary of the board shall make out and deliver to the collector a book showing all the lands in the district in parcels as the same appears upon the county assessment book, the name of the owner there appearing, and the amount of taxes to be collected for the road improvement district as levied by the commissioners of the district. It is made the duty of the collector to collect said taxes along with the other taxes, and for his services the collector shall have and receive the same commission that he is allowed for collecting the taxes of the county and State.

Thus it will be seen that the State, county and road taxes are collected at the same time and in the same manner. The act provides that the road taxes shall be collected as other taxes, and that the collector shall have the same compensation for collecting them. The Legislature evidently intended the collector to be paid in the same way and at the same rate at which he was paid for collecting the county and State. That is to say, for the purpose of ascertaining the compensation due the collector, the gross amount of the road taxes collected each year shall be added to the total amount of the county and State taxes collected by him for the same year, and upon the whole the collector's commission shall be fixed by § 10071 of Crawford & Moses' Digest, as construed in the case above cited.

As bearing on the question and as tending to sustain the construction we have placed upon the statute see *McGlone* v. *Womack* (Ky.), 111 S. W. 688, 17 L. R. A. (N. S.) 855.

It follows that the judgment must be reversed, and the cause will be remanded with directions to overrule the demurrer to the complaint, and for further proceedings according to law and consistent herewith.