McCoy v. State Use of Greene County.

4-3683

Opinion delivered February 4, 1935.

298

*Jeff Bratton* and *Partlow & Rhine,* for appellant.

*D. G. Beauchamp,* for appellee.

BAKER, J.  This is a suit of the State of Arkansas for the use and benefit of Greene County against R. V. Mc-Coy, county treasurer of Greene County, to recover from the county treasurer money received by him as fees and emoluments of his office in excess of $5,000 per annum for the years of 1929 and 1930.

The complaint was filed on January 2, 1933, and alleged that during each of the years of 1929 and 1930, McCoy, as treasurer, collected and received, and unlawfully appropriated and converted to his own use, large sums of money as fees, emoluments, and commissions in excess of $5,000, and which he failed and refused to pay into the county treasury.

The answer denied the material allegations of the complaint.  The further effect of the answer was to plead exoneration under act No. 218 of the Acts of the General Assembly of the State of Arkansas for the year of 1931, and, further, the statute of limitations to bar the right of recovery.

The defendant, McCoy, pleaded, in addition to his settlements and reports, which had been filed and approved by the court, that he was entitled to credits for certain expenditures in conducting the business of the office; that he paid E. R. Browning for clerical help $750;

D. G. Beauchamp, attorney, for legal advice and services in connection with his office, $120; Harold Hicks, for clerical work $5; for postage, stationery and other incidentals in connection with his office, $500; premium on indemnity bonds, indemnifying sureties upon his official bond, $400, or a total of $1,775.

The amounts for which recovery was sought, and had are not seriously in dispute, $1,350.55 for the year of 1929; $550.38 for the year of 1930, or a total of $1,880.93, with interest at six per cent. upon said amounts of money from the date of the filing of the suit.

It is first urged, by way of defense, that the appellant did not receive credit for certain expenditures incident to his office for the years of 1929 and 1930, and that these should have been allowed, and that he should have been given credit therefor under art. 19, § 23, of the Constitution, which requires the officer to account for only the net profits per annum, in par sums, in excess of $5,000.

One of the particular troubles with this contention is the fact that in settlements made by the county treasurer he did not claim any credit therefor. His claim for credits was not in the settlements which defendant had filed, and which had been approved by the county court.

Only three different reports or settlements are brought into this controversy. The first of these was approved on the 18th day of July, 1929, and is reported as an annual settlement from July 7, 1928, to July 7, 1929. The second was examined and approved on the 12th of August, 1930, and purports to be settlement from July 7, 1929, until August 5, 1930, and the third was examined and approved on the 2nd day of February, 1931, and covers a period from August 5, 1930, to December 31, 1930. The actual dates of the filing of these settlements by the county treasurer are not shown, but it must be presumed, of course, that the first settlement was not filed before July 7, 1929; that the second was not filed before August 5, 1930, and that the third was not filed before December 31, 1930.

If the treasurer was entitled to these credits, or parts of them, he was not entitled thereto prior to the

times and dates on which the several settlements were filed.

There is a further trouble with these credits for which the treasurer now sues and asks that he be given or allowed credit. Section 4642, Crawford & Moses' Digest, follows: ''Any officer coming within the purview of this act may submit to the officer to whom he is required to make report, as hereinbefore provided, an estimate of the amount of expenditure proposed, and, if such estimate be approved by reviewing officer aforesaid, no further approval of such amount shall be required; nevertheless, the officer making such expenditures shall, with his annual report, make full statement of particulars and produce vouchers showing the manner of expenditure of such amount. If any officer shall submit his estimate of expenditure as herein provided for, and the same shall not be approved, the officer shall have from such decision of disapproval the same right of appeal as is provided in § 4640.''

There is no contention in this suit that the county treasurer at any time made any estimate of expenditures necessary to his office, nor did he report any estimate of the amount of the expenditures proposed for approval by the county court, nor did he at the time he filed his settlement set forth these several alleged expenditures with his annual settlements, nor make any itemized statement thereof, nor produce any vouchers showing the manner of the expenditure of such amounts. Vouchers now appear in this record before us. The one for $5, given by Harold Hicks, is not dated, and the ones, given by E. R. Browning, are each dated February 14, 1934, as is the one, given by D. G. Beauchamp, in the amount of $120. McCoy certified, on the 14th of February, 1934, that he expended, during each of the years 1929 and 1930, the sum of $250 for postage, stationery and incidentals connected with, and in conducting, the business of the office of county treasurer, and he also certified that he spent each year the sum of $200 to procure a bond indemnifying the sureties upon his official bond as treasurer of Greene County.

It must follow that these items were never allowed or approved by the county court in the examination and confirmation of the several settlements, as reported by the county treasurer.

Since these several credits were never allowed in the first instance as an estimate by the county court, and were not considered in the confirmation of settlements, no vouchers therefor were filed in the county court, they cannot now be treated as valid credits in favor of the appellant.

The second contention is that the action, in so far as it relates to funds for the year of 1929, is barred by the statute of limitations of three years under § 6950 of Crawford & Moses' Digest. This suit was filed on January 2, 1933. The first settlement brought into this controversy is the one filed not earlier than July 7, 1929. This covered the first half of 1929, but the treasurer seemed to have filed no other settlement until about August 5, 1930, and this covered the remaining portion of 1929 and half of 1930. According to these settlements it was not possible to determine what he had taken in fees for 1929, until the settlement was filed in August of 1930. The statute could not, and did not, begin to run from the dates upon which he should have filed the settlements. It was not known that he would make, or had made, any improper charges until settlements were filed. If the three-year statute be applicable, it must be computed from the date of the filing of the August settlement in 1930. The three years did not expire until August of 1933. The claim, therefore, was not barred by the statute of limitations of three years.

The county treasurer also pleads, as a defense to recovery, § 10,165, Crawford & Moses' Digest, as follows: "Whenever any error shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the court, at any time within two years from the date of such settlement, to reconsider and adjust the same." This section was amended by act No. 339, page 1086, of the Acts of 1927, limiting the period to one year.

It is already apparent from what has just been said, that the county court had no opportunity within the one-year period to adjust the settlement, under the above quoted section, so as to allow any of the credits pleaded by the appellant herein. No claim was made for these credits, no vouchers were ever filed, and no apparent error appeared from the settlements, except the unlawful charge in excess of the $5,000. But that section is not conclusive as has been heretofore construed by this court.

In the case of *Honey* v. *Greene County*, 102 Ark. 106, 143 S. W. 592, the treasurer made charge not authorized by statute, and was sued in the circuit court to recover these fees taken by the treasurer as against funds belonging to a drainage district organized under the laws of the State. This case, however, was one appealed from a judgment of the county court in which the treasurer was not allowed credit for commissions as charged and may not be treated as conclusive of the question here presented, except upon a point that in cases where fees are not expressly authorized by statute, they shall not be allowed by implication. However, in the case of *Fuller* v. *State use and benefit of Craighead County*, 112 Ark. 91, 164 S. W. 770, this court held that, after the lapse of a period of two years, the settlement could be reopened by a proceeding in chancery, upon a charge and proof of fraud in the procurement of the judgment of the county court approving the settlement. The Fuller case, *supra*, was distinguished from the case of *State* v. *Perkins*, 101 Ark. 358, 142 S. W. 515, in which case suit was brought more than two years after the confirmation of the collector's settlement. In the Perkins case it was held that a mistake was made as to the percentage due the collector from funds upon which he had the right to charge a fee or commission, and, therefore, no fraud was committed, but in the Fuller case the fee was charged, and the money received from funds upon which he had no right to make the charge, as was determined in the Honey case. In the instant case now before us, the fees were charged and retained in an amount prohibited by constitutional mandate.

Fuller's fraud consisted of no act of bad faith, but as arising solely out of the fact that he had no legal right to charge the amount, and to reserve the fees from the funds belonging to the drainage district.

So it may be said here, without any implication of dishonesty or bad faith, on the part of McCoy, that the collection and retention of fees in excess of the $5,000 limit, fixed by the Constitution, was to the same effect a legal fraud.

It is also insisted that act 218 of the Acts of 1931 operates as a bar to this proceeding. There are three sections in act 218. The first provides that where county officers of the State have collected fees, emoluments, and commissions, as prescribed by Acts of the General Assembly, and have made settlements with the courts, of their respective collections, and said settlements shall have been duly approved as prescribed by law, said county officers and their bondsmen will be, and they are, relieved of any and all liability for the amounts so had and received by them.

The second section of the act is to the effect that where the salaries of county officers have been fixed by acts of the General Assembly and have been paid as prescribed therein, such payments are ratified and confirmed.

The third section is to the effect that a large number of officers in the State have received salaries in accordance with the acts of the General Assembly of the State, and made settlements with the county courts of their respective counties, in accordance with the said acts, and that many of the said acts have been declared unconstitutional and inoperative; that it will be inequitable, and work irreparable injury upon officers if said settlements should be reopened, and on that account an emergency is declared.

It must be observed that, by reading all of act 218, the real purpose or intention of it was to relieve officers who had acted in good faith, made settlements under the acts of the General Assembly, which were later declared void, so that they might receive protection, and not have to account under the law which was pre-

sumptively repealed, modified, or changed by the invalid acts.

We do not hesitate to say that, as a curative act allowing officers more than the $5,000, act 218 would not be effective. A statement of the proposition that the Legislature was attempting indirectly what it could not do directly answers and defeats such purpose. But such was not the purpose of the legislative act.

The purposes of the act were legitimate. They brought a period of repose upon claims that might result in vexatious litigation. This is evidenced by one of the cases relied upon by the appellants, *Benton* v. *Thompson*, 187 Ark. 208, 58 S. W. (2d) 924. Benton was the victim of invalid act 90 of the Acts of 1927, and act 218 above mentioned was applicable in bringing relief and settlement of the controversies arising thereunder. Act 218, *supra*, however, is not applicable to appellant's case here. While appellant was acting under a special act, it was not a void act. There is no circumstance in this case whereby the claim against the treasurer may be said to be unjust, unfair or oppressive. The funds in the treasurer's hands have not been lost by burglars breaking into a safe furnished by the county, in which the treasurer was presumed to keep the money, which was the case in *Pearson* v. *State*, 56 Ark. 138, 19 S. W. 499. There is no upset in this case by an invalid law, as in the Benton case above, and there is no moral obligation to justify the application of act 218 to relieve the treasurer of Greene County.

This court said in the case of *Yates* v. *State use Miller County*, 186 Ark. 749, 755, 54 S. W. (2d) 981: ''In other words, the Constitution permits only an allowance of $5,000 net salary to him per annum for the discharge of all his duties of the office, and expenditures for extra, unusual or emergency services to be paid out of the excess of fees over the $5,000 must be shown to be lawful before any such allowance can be made; otherwise it must be done at his own expense. *Crittenden County* v. *Crump*, 25 Ark. 235; *Cain* v. *Woodruff County*, 89 Ark. 456, 117 S. W. 768. And the necessary deputies and employees for assisting him in the discharge of the duties

of the office must be authorized to be employees by law before they can be paid out of the excess fees collected over the amount of salary he is entitled to retain under the Constitution, $5,000, which otherwise must be paid into the county treasury in accordance with the law.''

On account of these several matters suggested, we are impelled to hold that act 218 of 1931 does not relieve the treasurer, whether it be considered as a curative act, or as a statute of repose or limitations.

It must therefore necessarily follow that the judgment, and decree of the chancery court was correct.

It is therefore affirmed.

Justice McHaney disqualified, and not participating.