BLEDSOE *v.* STATE.

Opinion delivered January 12, 1925.

1. TAXATION—RE-EXAMINATION OF ACCOUNTS OF SHERIFF.—Under Crawford & Moses' Dig., § 10165, fixing two years after settlement within which the county court may reconsider and adjust the accounts of county officers, such a proceeding, instituted after two years from a sheriff's settlement, is too late.

2. TRIAL—TRANSFER OF CAUSE.—A cause instituted in the county court and appealed to the circuit court may not, even on proper allegations of fraud, be transferred to the chancery court.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*Starbird & Starbird, W. H. Neal, C. M. Wofford,* and *E. L. Matlock,* for appellants.

The county court lost jurisdiction to reconsider and adjust the collector's settlement with the expiration of two years from the date of its approval thereof, and such settlement could thereafter be inquired into only by the chancery court upon allegation and proof of fraud on the part of the collector in making the same. C. & M. Digest, § 10165; 30 Ark. 603; 100 Ark. 571; 137 Ark. 75; 139 Ark. 35; 49 Ark. 311. And the circuit court acquired no jurisdiction on appeal. By going to trial upon the issues, after the motion to dismiss the appeal was overruled, appellants did not waive their right to object here to the jurisdiction of the court below. 59 Ark. 593; 124 Ark. 331.

*Dave Partain, O. D. Thompson,* and *John D. Arbuckle,* for appellees.

The fault with appellants' argument against the jurisdiction of the county court is that the proceeding in July, 1923, was not the first attempt to adjust the accounts of the collector; and they overlook the fact that preliminary examination and adjustment could be had of these accounts without notice being given. C. & M. Digest, § 10158 and note; 7 Ark. 162; 11 Ark. 611.

McCulloch, C. J.   C. M. Bledsoe, one of the appellants, was sheriff and collector of Crawford County from January 1, 1919, to December 31, 1922, and the other appellants were sureties on his collector's bond during his first term.

On July 5, 1921, Bledsoe filed with the county court his settlement, as collector, for the taxes collected by him for the year 1920, and that settlement was examined and approved by the county court on the day it was filed. On July 16, 1923, the county judge caused notice to be served on Bledsoe and his sureties to the effect that on August 7, 1923, the county court would reconsider the settlement of account of July 5, 1921, and correct any error found therein. Upon the maturity of this notice, appellants appeared in the county court and objected on the ground that the county court was without jurisdiction

to reconsider the settlement, for the reason that two years had elapsed since the court had approved the settlement. The county court overruled the protest, and proceeded to a reconsideration of the account, and found that there were errors in the settlement whereby Bledsoe had failed to charge himself with the gross sum of $9,632.84, which should have been properly accounted for in the settlement. The court readjusted the settlement and charged Bledsoe with the additional amount found to be due. There was an appeal to the circuit court, where appellants renewed their motion to dismiss the proceedings on account of lack of jurisdiction. This was overruled, and the circuit court proceeded with the trial of the cause, and, after giving all credits found to be due, found alleged errors in Bledsoe's settlement in the aggregate of $8,039.24, for which he was chargeable, and rendered judgment accordingly.

There were numerous exceptions saved on the trial of the cause, and there are assignments of error with respect to each. The first assignment, the one which we find to be fatal to the proceeding, is that the county court was without jurisdiction, for the reason that the proceedings were not instituted within two years after the approval of Bledsoe's settlement. The statute under which the proceedings were instituted is as follows:

"Section 10165. Adjustment of Errors. Whenever any error shall be discovered in the settlement of any county officers made with the county court, it shall be the duty of the court, at any time within two years from the date of such settlement, to reconsider and adjust the same."

"Section 10166. Notice of Re-examination. Before any such settlement shall be re-examined, it shall be the duty of the court to give such officer ten days' notice of the time and place where such settlement will be adjusted." *Id.*

It is undisputed that the settlement was made with the county court and approved on July 5, 1921, and that

the notice for re-examination of the settlement was not given until July 16, 1923, which was eleven days after the expiration of the statutory time allowed for reexamination of the settlement in the county court. It has been decided by this court that, under the statute referred to, the county court lost jurisdiction to re-examine the account after the expiration of two years from the date of the approval of the settlement. *State ex rel.* v. *Turner,* 49 Ark. 311; *State* v. *Perkins,* 101 Ark. 358; *Fuller* v. *State,* 112 Ark. 91. It was decided in those cases that the settlement of a collector became final and conclusive after the expiration of two years from the date thereof, except that a court of equity may re-examine such settlement on a charge of fraud

Learned counsel for appellee concede this to be the law, but they contend that the proceedings for re-examination of the settlement of Bledsoe were, in effect, instituted prior to the expiration of two years after the original approval of the settlement by the county court. They base this contention upon the fact that, in November, 1922, the county court employed an auditor to check up Bledsoe's accounts; that the accountant found the shortage which is now charged, and so reported to the county court; that the commissioners of accounts appointed by the circuit court also filed a report with the county court, charging the same amount of shortage reported by the accountant; and that the county court, upon this report, rendered a judgment against Bledsoe and his sureties for the amount of the alleged shortage. These facts are brought out in the proof, and it is also shown that an action was instituted in behalf of the State against appellants in the circuit court of Crawford County to recover the amount found by the county court to be due, but the circuit court dismissed this action on the ground that there had not been a readjustment of the account upon notice, as required by statute. It is thus seen that all the proceedings prior to July 16, 1923, were *ex parte,* and that none of the appellants were parties thereto. A mere investigation conducted by the

county court, or even on order of the county court, was not binding upon appellants without notice having been given as required by statute. Those proceedings can in no sense be treated as being connected with the subsequent proceedings which were begun by giving the statutory notice on July 16, 1923. It is unnecessary to determine in this case whether or not the giving of notice within two years would be sufficient to endow the county court with jurisdiction, for it is undisputed that the notice was not given within a period of two years from the time of the settlement.

It follows therefore that the county court had no jurisdiction and that the circuit court acquired none on appeal. The cause could not be transferred to the chancery court, even on proper allegations of fraud, except in a new action commenced in that court. In other words, there could be no transfer of this cause from the circuit court to the chancery court.

The facts being undisputed, it is unnecessary to remand the case, so the judgment of the circuit court will be reversed, and the proceeding dismissed. It is so ordered.