FIREMAN'S FUND INSURANCE COMPANY
*v.* POLK COUNTY, Arkansas, and Helen THOMAS
and ST. PAUL FIRE AND MARINE
INSURANCE CO.

76-173                                      543 S.W. 2d 947

Opinion delivered December 20, 1976
(Division I)

*Tackett, Moore, Dowd & Harrelson,* for appellant.

*J. Michael Cogbill* and *Charles R. Ledbetter,* of *Shaw & Ledbetter,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant, Fireman's Fund Insurance Company, was surety on the bond of Herman J. Callahan, as Collector of Polk County, covering the year 1973. An audit of the accounts of Callahan for that year by the Division of Legislative Audit of the Legislative Joint Auditing Committee reflected that there was a net shortage in his accounts of $6,982.20 attributable to an excessive withholding of $7,444.16 in commissions on school tax collections and additional commissions due him on other funds totalling $461.96. Callahan and Fireman's Fund were notified of the discrepancy by letters from the Division of Legislative Audit. When neither paid the shortage the Prosecuting Attorney of the Ninth Judicial District, of which Polk County is a part, filed this suit for Polk County against appellant in the circuit court seeking to recover the amount of the shortage.

Appellant answered, alleging that the discrepancies arose from an erroneous calculation of the collector's commissions by Helen Thomas, County Clerk of Polk County

and that she, rather than Callahan and appellant, was liable to the County for the shortage. Appellant filed a third party complaint against Ms. Thomas and the surety on her bond, St. Paul Fire & Marine Insurance Company asking that they be held liable to the county, or in the alternative, to appellant for any judgment rendered against it in the action. Helen Thomas and St. Paul Fire & Marine Insurance Company filed a motion for summary judgment.

By an amendment to its answer, Fireman's Fund alleged that the statutory notice of overpayments had not been timely served on the collector, that no judgment had been rendered against the collector in the County Court, that no timely examination of the collector's settlement had been effected or changed, that the accounts of the collector could not be settled in the circuit court in an action against the surety on the collector's bond, that the complaint against appellant could not be maintained in the circuit court and that the circuit court was without jurisdiction. Appellant then filed its motion for summary judgment.

At a pretrial hearing the facts were stipulated by the parties. It was agreed that:

The information contained in the letters from the Legislative Joint Auditing Committee to Callahan and Fireman's Fund, dated November 22, 1974 and December 6, 1974, respectively, was based upon an audit made during the months of August, September and October, 1974. On March 14, 1975, the Legislative Joint Auditing Committee notified Prosecuting Attorney Steel of the Ninth Judicial District that the Fireman's Fund had failed to pay the shortage. The prosecuting attorney filed the complaint seeking judgment against Fireman's Fund for the net shortage on June 6, 1975. The calculations made by the Auditing Committee were correct. The discrepancy in the commissions on school funds was attributable to the utilization of a rate of .04039 by Helen Thomas, County Clerk, in calculating the commission rather than the correct rate of .0302053136. No official of Polk County had made any demand upon Callahan prior to the filing of

the complaint. Based upon the county clerk's computation, Callahan retained collections amounting to $6,-982.20 over and above the amount to which he was entitled. The county clerk did nothing except make a computation for a "tentative" settlement to be made by the collector with the taxing units. She did not receive any benefits by reason of the overpaid commission and no demand had been made on her or her surety by anyone. During the years 1973 and 1974 neither the Polk County Court nor the Polk County Judge made or filed any record concerning the collector's accounts, collections or commissions for the year 1973, other than the settlement of the collector for the year 1973, dated December 4, 1973, which was exhibited.

The circuit court then rendered judgment against appellant based upon the stipulation, holding that the procedure provided by Ark. Stat. Ann. § 13-209 (E) governed and had been followed. The motions for summary judgment were denied and the cross-complaint against Ms. Thomas and St. Paul Fire & Marine Insurance Company dismissed. The judgment was rendered on November 6, 1975 at the pretrial hearing but was not filed until November 24, 1975. It was dated November 21, 1975.

A certified copy of an undated order of the County Court of Polk County, purportedly pursuant to the authority vested by Ark. Stat. Ann. § 84-1401 et seq, found its way into the transcript. The certificate of the county clerk is dated November 10, 1975 and it appears to have been filed with the Clerk of the Circuit Court of Polk County on the same date. It contained a finding that Callahan had "overdrawn" his collector's compensation for the year 1973 by the amount of $6,982.20, as shown by the audit by the Legislative Joint Auditing Committee, and ordered him to repay the amount. There is nothing to indicate that it was presented to or considered by the circuit court in rendering the judgment. It could not, and should not, have been admitted into evidence because it was not made before the bringing of this suit. *Graham* v. *State*, 100 Ark. 571, 140 S.W. 735. At any rate, it cannot be considered on appeal.

Appellant asserts a single point for reversal. It questions

the propriety of the holding that Ark. Stat. Ann. § 13-209 (E) alone governed the procedure. In its argument, appellant contends that the section in question does not authorize an action in the circuit court against it, without the liability of the collector having been determined in the County Court of Polk County. We agree with appellant. The section in question does nothing more than authorize the Director of the Division of Local Affairs and Audits, with the approval of the Legislative Joint Auditing Committee, to give notice and make demand upon the surety on an official bond, and in default of payment, to give notice to the prosecuting attorney of the proper circuit, who is, by the act, directed to "forthwith take such legal action as may be necessary to collect the amount so found to be due from the officer and his surety or sureties." The amount referred to is the amount of any shortage or other liability reflected by reports of audits of the records of a county official.

There is no language in the act which purports to vest any jurisdiction in any court of an action for recovery of amounts found due by an audit, or which suggests that there was any intention to repeal or amend statutes which do govern the procedure for establishing the liability of a county official, and, at least indirectly, that of a surety on his official bond. Specific acts were repealed, but none are germane to this procedure. Of course, neither repeals nor amendments by implication are favored in construing statutes. *Penney* v. *Vessels*, 221 Ark. 389, 253 S.W. 2d 968. In *Arnold* v. *City of Jonesboro*, 227 Ark. 832, 302 S.W. 2d 91, we said:

> *** The Legislature will not be held to have changed a law it did not have under consideration while enacting a later law, unless the terms of the subsequent act are so inconsistent with the provisions of the prior law that they cannot stand together.

The statute relied upon is not so inconsistent with the provisions of the earlier law that all cannot stand. By omitting these acts from the specific repealer, there is more indication that the General Assembly intended that they be unimpaired than that they be superseded.

In the first place, it is the duty of the county clerk to set up the collector's settlement, by charging him with the amount to be collected and deducting amounts delinquent and the commissions allowed him by law, Ark. Stat. Ann. § 81-1409 (Repl. 1960). The collector is charged with the duty, however, to render his accounts to, and settle with, the county court. Ark. Stat. Ann. § 84-1430 (Repl. 1960). It is the duty of the county court to pass upon the collector's settlement made and filed with the county court and to approve, reject or restate it. Ark. Stat. Ann. § 84-1410 (Repl. 1960). Failure of the county judge to act is misfeasance and a misdemeanor and failure of the county clerk to set up the settlement is a misdemeanor punishable by removal from office. § 84-1410. If the settlement is found correct, the county court shall order it spread of record; if rejected, the clerk must restate the settlement and resubmit it to the county court. Ark. Stat. Ann. §§ 81-1411, 1431 (Repl. 1960). It is only after this is done that the collector makes final payment to the various agencies for whom he has made collections. Ark. Stat. Ann. §§ 81-1412, 1416, 1432 (Repl. 1960). If the collector fails to make settlement, the county court must adjust his accounts, according to the best information obtainable. Ark. Stat. Ann. § 84-1436 (Repl. 1960). This proceeding may be ex parte, but it is only a preliminary step on which judgment cannot be entered without further proceedings. *Trice* v. *Crittenden County*, 7 Ark. 159; *Carnall* v. *Crawford County*, 11 Ark. 604; *Christian* v. *Ashley County*, 24 Ark. 142. If the collector does not show good cause for setting aside a settlement so made, the county court then enters judgment against him. Ark. Stat. Ann. § 84-1439. If good cause is shown, the court may reexamine, settle and adjust the settlement so arrived at by it. Ark. Stat. Ann. § 84-1440 (Repl. 1960). But notice must first be given to the collector, so he may be heard. *Trice* v. *Crittenden County*, supra. If the amount found due by the collector is not paid after 15 days' notice to the collector and his sureties, the county court may render judgment against them. Ark. Stat. Ann. § 84-1442 (Repl. 1960). If an error either of law or fact is discovered in the settlement, it is the duty of the county court, within one year from the date of the settlement, to reconsider and adjust it, after ten days' notice to the officer. Ark. Stat. Ann. §§ 84-1443, 1444 (Repl. 1960). See *Haley* v. *Thompson*, 116 Ark. 354, 172 S.W. 880.

These proceedings against the collector are exclusively within the jurisdiction of the county court.[1] *Trice* v. *Crittenden County,* supra. In acting on such matters the county court acts judicially. *Brandenburg* v. *State,* 24 Ark. 50.

This record is totally devoid of any evidence that the collector made or *filed* any settlement with the *county court* or that the county court ever adjusted his accounts upon his failure to make a settlement or for any error (unless this was done after the hearing in this case). There certainly is nothing in the record to indicate that the county court ever rendered a *judgment* against the collector, pursuant to the statutes and after notice to the collector. This was a condition precedent to an action against the surety on the collector's bond. *Graham* v. *State,* 100 Ark. 571, 140 S.W. 735; *Jones* v. *State,* 14 Ark. 170. In *Jones,* we said:

> The county court is the forum where the liability of the collector, upon which that of his securities depends, is to be ascertained and evidenced by its records. An adjudication in the forum is conclusive evidence against the securities, as well as the collector, in an action upon his bond in the Circuit Court. There can be no liability upon the collector's bond without such adjudication unless the Circuit Court can in an action upon the bond draw to itself, in a collateral way, a jurisdiction to investigate and settle the accounts of delinquent officers for the collection of revenue, which appropriately belongs to the county courts.

Later in *Goree* v. *State,* 22 Ark. 236, we held that a judgment in circuit court against the surety on a collector's bond was defective because no action could be maintained against the surety until a final judgment had been rendered in the county court upon the collector's settlement or its adjustment and settlement, and that the ex parte preliminary settlement was not sufficient basis for the action. Upon the basis of this holding we rejected the argument that the circuit court, and not the county court, had jurisdiction of such an action. *Chris-*

---

[1] It may well be that this jurisdiction could not be given to any other court because of Art. 7, § 28 of the Constitution of Arkansas. *E. F. Leathem & Co.* v. *Jackson County,* 122 Ark. 114, 182 S.W. 570; Ann. Cas. 19.70 438.

*tian* v. *Ashley County,* 24 Ark. 142. It is clear that notice prior to the final judgment is essential to its validity. *Christian* v. *Ashley County,* supra; *Trice* v. *Crittenden County,* supra; *Carnall* v. *Crawford County,* supra.

It is quite clear that no cause of action accrues against the surety on the bond until a final judgment fixing the liability of the collector has been entered. *Graham* v. *State,* supra, 100 Ark. 571.

Inasmuch as the record does not disclose that the conditions precedent to the cause of action have been met, the judgment must be reversed.

Appellant has argued that the action is barred by the statute of limitations. But the earliest date the statute can begin to run is the date *the collector* actually *files* his settlement with the *county court, McCoy* v. *State,* 190 Ark. 297, 79 S.W. 2d 94, unless it should be put in motion by the county court's ex parte preliminary settlement or by any notice given thereafter. In any event, there is nothing in this record to show any basis for the accrual of the cause of action, so we cannot hold that the action is barred upon the record before us. *Bledsoe* v. *State,* 167 Ark. 160, 267 S.W. 571, has no application, because, as far as this record discloses, the collector never *filed* his settlement with the *county court* and the statement of the account by the county clerk is not necessarily the settlement contemplated. See Ark. Stat. Ann. § 84-1430.

It should be noted that there is no allegation of either actual or legal fraud in this case. All parties agree that the shortage is due to a mistake, which may well not have been the basis of relief in equity for fraud. *State* v. *Perkins,* 101 Ark. 358, 142 S.W. 515, but see *Fuller* v. *State,* 112 Ark. 91, 164 S.W. 770. Even if fraud has been the basis of the action, or could be alleged, this case could not be transferred to chancery court and an action on that basis would have to be instituted in that court. *Bledsoe* v. *State,* supra.

Since conditions precedent had not been met, there was no cause of action of which the circuit court had jurisdiction, so the judgment is reversed and the cause dismissed.

We agree. HARRIS, C.J., and George Rose Smith and JONES; JJ.