The Honorable Bill Walters State Senator P. O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion regarding Ark. Stat. Ann. 80-412 (Repl. 1980) [now codified as A.C.A. 6-13-213 (Supp. 1987], as amended by Act 549 of 1987. The question posed is whether Act 549 has the effect of repealing 80-412.
It must be concluded that the answer to this question is no. It is well established that neither repeals nor amendments by implication are favored in construing statutes. See, e.f. Fireman's Fund Ins. Co., v. Polk County, 260 Ark. 799, 543 S.W.2d 947
(1976); Cummings v. Washington County Election Com'n.,724 S.W.2d 486 (Ark. 1987). An existing law is not presumed to be changed further than is declared in the amendatory act. Peterson Produce Company v. Cheney, 237 Ark. 600, 374 S.W.2d 809 (1964). To the contrary, the presumption is that the legislature intended no changes other than those clearly expressed in the amendments. Id. Therefore, as a general matter, statutes must be read in harmony unless conflicting clauses cannot be reconciled. Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964).
A court, in applying these precepts, would likely conclude that the legislature intended in this instance to amend, not repeal, 80-412. This conclusion is indicated by the Title of Act 549 and the introductory phrase contained in Section 1, as well as by the substance of the Act. The title states in pertinent part that it is "AN ACT TO AMEND SECTION 52 OF ACT NO. 169 [Ark. Stat. 80-412]," and Section 1 begins with the phrase "Section 52 of Act No. 169 of 1931, the same being Arkansas Statutes 80-412, is hereby amended to read as follows." The emergency clause, contained in Section 5 of the Act, states:
 It is hereby found and determined by the General Assembly that the laws of Arkansas pertaining to the alteration of existing school district boundaries by school directors as authorized by Act 169 of 1931 are inadequate and must be clarified and supplemented in order to permit such school districts to effectively and economically alter their boundaries in certain situations. . . .
If the legislature had intended a repeal of 80-412, it could easily have provided for that result. Instead, it stated that 80-412 is amended, indicating that the provisions of Act 549 and 80-412 should be reconciled and construed together. While it must be recognized that the language of 80-412 has been substantially altered, it cannot be said that the legislature has clearly shown that Act 549 is intended as a substitute for 80-412, thereby superseding the earlier statute. See Nance v. Williams, 263 Ark. 237,564 S.W.2d 212 (1978).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.