The Honorable Scott Hunter Prosecuting Attorney P. O. Box 926 Jonesboro, Arkansas 72401
Dear Mr. Hunter:
This is in response to an opinion request directed to our office by Deputy Prosecuting Attorney C. Joseph Calvin regarding the authority of Sheriffs within the State of Arkansas to appoint deputies. A question has apparently arisen in this regard due to the repeal of Ark. Stat. Ann. 12-1104 — 12-1106 (Repl. 1979) under Section 117 of Act 742 of 1977.
Ark. Stat. Ann. 12-1105 authorized the appointment of one or more deputies by each sheriff in the state. The repeal of this statute would not, however, appear to have any ramifications with respect to the continued existence and authority of deputy sheriffs. Ark. Stat. Ann. 12-1107, as amended (Repl. 1979 and Cum. Supp. 1985), remains in force and effect. Indeed, the authority of deputies to make arrests has been extended to felony offenses. 12-1107(b) (Cum. Supp. 1985). A contrary argument would have to be premised upon the repeal of 12-1107 by implication, and the Arkansas Supreme Court has clearly embraced the maxim that neither repeals or amendments by implication are favored in construing statutes. Fireman's Fund Ins. Co. v. Polk County, 260 Ark. 799, 543 S.W.2d 947
(1976).
The continued authority of Sheriffs with respect to the selection and employment of deputies must therefore be determined. As noted in Mr. Calvin's correspondence, Ark. Stat. Ann. 17-3801(f) (Repl. 1980) authorizes the Quorum Court to fix the number and compensation of "deputies and county employees." It is reasonable to conclude that the Quorum Court's authority in this regard extends to deputy sheriffs. However, it may also be successfully contended that this authority does not include the power to actually hire/appoint these individuals. The Sheriff is a member of the executive division of county government. Ark. Stat. Ann. 17-3502(b) (Repl. 1980). The Quorum Court, as the repository of legislative powers, is precluded under Ark. Stat. Ann. 17-3502(d) (Repl. 1980) from exercising any power belonging to the Sheriff, as an executive officer, except in instances "expressly directed or permitted." See 17-3502(d). While the Quorum Court clearly has authority under 17-3801(f) to fix the number and compensation of these deputies, the power to actually select and hire these individuals would appear to reside in the Sheriff as an elected executive officer. See, e.g., 17-3901(A)(6), 17-4105(1), 17-4105(3). It seems clear that decisions with respect to hiring and firing are part of the "day to day administrative responsibility" of each county office. See 17-3805(b).
It should be noted that the Quorum Court does have potentially extensive power to establish procedures governing the employment of personnel, including hiring and termination policies. This power is exemplified and reinforced by the case of Wilson v. Robinson, 668 F.2d 380 (8th Cir. 1981) wherein the 8th Circuit upheld the Quorum Court's authority to establish a comprehensive scheme of employment policies. This case supports the proposition that a sheriff must comply with such policies and procedures, and of course there must be an appropriation for the deputy positions(s). See 17-4203, 17-4205 (Repl. 1980).
Assuming, therefore, that the Sheriff complies with established employment procedures and that a specific appropriation exists for the position, it may be concluded that the Sheriffs retain authority to appoint deputies, notwithstanding the repeal of 12-1105. This conclusion is further compelled by Ark. Stat. Ann. 17-4105(3) (Repl. 1980) if the Sheriff's Department is established by quorum Court ordinance, with responsibility for direction and supervision of the Department assigned to the Sheriff and provision made for the employment of deputies. 17-4105(3) states in pertinent part:
 An ordinance establishing a department of county government may provide for the employment of a department administrator; and such ordinance may prescribe minimum qualifications for the person so employed as administrator; provided, however, that the County Judge alone shall employ all county personnel, except employees of other elected county officers; and where a department is established by the Quorum Court and the responsibility for direction and supervision of such department is assigned to an elected county officer other than the County Judge, the elected county officer so designated shall employ all personnel authorized to be employed by such ordinance. (Emphasis added.)
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
cc: C. Joseph Calvin, Esq. Deputy Prosecuting Attorney P. O. Box 196 Rector, Arkansas 72461