Mr. Charles L. Robinson Legislative Auditor State Capitol, Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion regarding whether or not the County Collector is the appropriate officer responsible for preparing the monthly and final tax settlements. You have asked the following specific questions in this regard:
 (1) May a County Collector prepare the monthly and final tax settlements of a county that does not operate under a Unit Tax Ledger System?
 (2) If the answer to No. 1 is "no", may the appropriate county official responsible for the maintenance and operation of the tax books in accordance with Ark. Stat. Ann. 84-801.1 prepare the monthly and final tax settlements of a county?
 (3) Who is responsible for the preparation of the monthly and final tax settlements of a county where the county operates under the provision of a Unit Tax Ledger System?
The answer to your first question is no with respect to the settlements that determine the amounts due and the various funds. See Ark. Stat. Ann. 84-1401, 84-1410, and 84-1414 (Repl. 1980 and Supp. 1985). It may be concluded from these statutes that the county clerk is responsible for the settlement which sets forth the funds to which distribution is to be made. As noted in Opinion No. 85-166, a copy of which is attached hereto, 84-1401 provides for the county clerk's issuance of a certificate, "on or before the thirtieth (30) day of each month," which forms the basis for the county treasurer's transfer to the various funds during the collecting period. It is reasonable to conclude, moreover, that the "final settlement of the Collector" under 84-1401 refers to the "settlement of the County Collector" which has been "set up" by the county clerk under 84-1410. This settlement should set forth the amount due the various funds. Id. See also Ark. Stat. Ann. 84-1411 (Repl. 1980).
(2) The answer to your inquiry also appears to be no. Ark. Stat. Ann. 84-801.1 (Repl. 1980) permits the Quorum Court by ordinance to designate an individual who shall be responsible for the "maintenance and operation of the [electronic data processing equipment] and the preparation of the tax books." The specific tasks enumerated under 84-801.1 may be distinguished from the tax settlements for which the county clerk is responsible and which must be approved by the County Court. See Ark. Stat. Ann. 84-1401 and 84-1410 (Repl. 1980 and Supp. 1985). To conclude otherwise would require a finding that the Legislature, in providing for the implementation of an electronic data processing system under 84-801.1, thereby amended or repealed those statutes governing the preparation and review of the collector's settlements. However, it is well established that neither repeals nor amendments by implication are favored in construing statutes. Fireman's Fund Ins. Co. v. Polk County, 260 Ark. 799, 543 S.W.2d 947
(1976); Cummings v. Washington County Election Com'n.,291 Ark. 354, 724 S.W.2d 486 (1987). Statutes must generally be read in harmony, unless conflicting clauses cannot be reconciled. Town of Wrightsville v. Walton, 255 Ark. 523, 501 S.W.2d 241 (1973).
(3) The Unit Tax Ledger System, which is set forth under Ark. Stat. Ann. 84-814 — 84-818 (Repl. 1980), implements a comprehensive system for performing the various functions associated with taxation, with those functions being centralized in the Office of the Tax Collector. The effect of the adoption of such system is found in 84-816 which states.
Under the Unit Tax Ledger System, all counties in the State of Arkansas which shall adopt the same shall cause the Tax Collector's Office to be the exclusive tax collecting and accounting office of the county, and said collector shall collect current and delinquent taxes on real and personal property, and all laws and parts of laws relating to real and personal tax collecting, recording, charging, billing and accounting where reference is made to the County Clerk, County Treasurer and Delinquent Tax Collector are hereby amended to read "Tax Collector", provided, however, said `Tax Collector' shall settle with the County Treasurer of the several counties which may adopt the Unit Tax Ledger System as is now provided by law.
Section 84-816 mandates the substitution of the tax collector in the performance of particular duties under taken by other officers. It is reasonable to conclude, based upon the foregoing, that the Tax Collector is the appropriate official responsible for preparing tax settlements in counties operating under a Unit Tax Ledger System.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.