The Honorable Bill Clinton Office of the Governor State Capitol Little Rock, Arkansas 72201
Dear Governor Clinton:
This is in response to your request for an opinion regarding the status of the State Medical Examiner Commission ("Commission"), which was created under Act 321 of 1969. You have asked, specifically, whether Act 321 of 1969 was repealed by Act 864 of 1979. You have also asked whether the abolition of the Department of Public Safety under Act 45 of 1981 revived the authority of the Commission, if Act 321 of 1969 was indeed repealed by the passage of Act 864 of 1979.
It is my opinion, following a review of the several relevant acts, that Act 321 of 1969 was not repealed by Act 864 of 1979. It is well-established that neither repeals nor amendments by implication are favored in construing legislative enactments. Fireman's Fund Ins. Co. v. Polk County, 260 Ark. 799, 543 S.W.2d 947
(1976); Cummings v. Washington County Election Com'n.,291 Ark. 354, 724 S.W.2d 486 (1987). The implication that a repeal was intended must be clear and irresistible. Davis v. Cox,268 Ark. 78, 593 S.W.2d 180 (1980). Statutes will generally be read in harmony unless conflicting clauses cannot be reconciled. Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964).
The acts in question must be considered in light of the foregoing precepts. As noted in your request, the State Medical Examiner Commission was created under Act 321 of 1969, portions of which have been codified at Arkansas Code of 1987 Annotated 12-12-306,12-12-312, 12-12-315, and 12-12-318. The Commission was granted the authority under Section 3 of Act 321 (A.C.A. 12-12-306) to appoint and to remove for cause the State Medical Examiner. The Office of State Medical Examiner was "transferred to and merged into" the State Crime Laboratory under Section 1 of Act 864 of 1979 (A.C.A. 12-12-301). The Crime Lab was located within the Department of Public Safety at that time, in accordance with Act 517 of 1977. The Department of Public Safety was subsequently abolished under Section 1 of Act 45 of 1981 and the State Crime Lab was designated as an independent State agency. (Section 6 of Act 45 of 1981).
Act 864 of 1979 contains a general repealer clause, but does not explicitly repeal any existing laws. The compiler of the Arkansas Code of 1987 Annotated has recodified certain provisions of Act 321 of 1969 including, significantly, Sections 1 and 3 concerning the State Medical Examiner Commission (A.C.A. 12-12-306). Other provisions of Act 321 have been omitted presumably due to the similar, if not exact, language of Act 864 of 1979 on the same subject. See, e.g., A.C.A. 12-12-304, 12-12-305, 12-12-309.
While it thus appears that Act 864 of 1979 superseded certain provisions of Act 321 of 1969, Act 864 does not address the method of appointing the State Medical Examiner. Nor, in my opinion, did the merger of the Office of Medical Examiner into the State Crime Lab automatically mandate the employment of the Medical Examiner by the Director of Public Safety. The contrary result may only be reached through a strained interpretation of Act 864 of 1979 based upon the implied repeal of Sections 1 and 3 of Act 321 of 1969. It is my opinion that a Court would reject his strained approach and would, instead, reconcile any seemingly contradictory provisions, concluding that Act 321 of 1969 was not repealed and that the State Medical Examiner Commission continues in existence.
This conclusion is further compelled by the language of Section 2 of Act 764 of 1983 which states in pertinent part as follows:
 The following state agencies, which under the provisions of Section 5 of Act 100 of 1977 or Section 3 of Act 883 of 1981, were scheduled to terminate on June 30, 1983, are hereby continued in their present form and under their present names, and said state agencies, or their successor agencies, shall continue to function and shall perform the respective powers, functions, and duties assigned to them by law from and after June 30, 1983, the same as they would have functioned if Act 100 of 1977 and Section 3 of Act 883 of 1981 had never been enacted.
(8) the state Medical Examiner Commission, created by Section 1 of Act 321 of 1969, the same being [A.C.A. 12-12-306].
This provision clearly reflects legislative intent for the Commission to, as stated therein, "continue to function."
I have not addressed your second question in light of the foregoing response.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.