The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936
Dear Senator Walters:
This is in response to your request for an opinion concerning the appointment of an individual to serve a term on the housing commission ("commission"), with the term beginning at the expiration of an existing term.
I assume that your question is asked with respect to a housing authority functioning by virtue of the city's adoption of a resolution pursuant to A.C.A. 14-169-207. You note in your request that the initial board was appointed and confirmed by the mayor and council. Apparently, the term of one of the housing commission members expired several months ago. You have asked who has the authority to appoint a successor in this situation.
The "Housing Authority Act" is codified at A.C.A. 14-169-201 et seq. Section 14-169-208, composed of four (4) different acts, governs the appointment of commissioners. The original act, Act 298 of 1937, states in pertinent part:
 . . . [T]he mayor shall appoint five (5) persons as commissioners of the authority created for a city. . . . The commissioners who are first appointed shall be designated to terms of one (1), two (2), three (3), four (4) and five (5) years, respectively, from the date of their appointment, but thereafter commissioners shall be appointed as aforesaid for a term of office of five (5) years except that all vacancies shall be filled for the unexpired term. (Emphasis added.)
Act 77 of 1943, codified at 14-169-208(c)(2)(B), amended Act 298 by providing a method of filling vacancies on municipal housing authority boards. Section 1 of the Act states:
 When a vacancy occurs on the Board of Commissioners of a municipal housing authority, the commissioners of said authority shall designate a successor fill said vacancy subject to approval and confirmation by the municipal council or the municipal governing body.
Section 3 of Act 77 of 1943 states:
 A commissioner of an authority shall hold office until his successor has been designated by the Board of Commissioners of the Housing Authority and approved and confirmed by the Municipal Council or other municipal governing body.
Act 298 of 1937 was then amended by Act 543 of 1981 for the purpose of allowing city and county housing authorities to compensate their commissioners, and for other purposes. Act 543 of 1981 states in pertinent part:
 The Mayor shall appoint five (5) persons as commissioners of the authority created for said city. . . . The Commissioners who are first appointed shall be designated to serve for terms of one (1), two (2), three (3), four (4), and five (5) years, respectively, from the date of their appointment, but thereafter commissioners shall be appointed as aforesaid. . . . (Emphasis added.)
Although Section 3 of Act 77 of 1943 states that a commissioner shall hold office until his successor has been designated by the Board of Commissioners and approved and confirmed by the Municipal Council, it must be recognized that neither repeals nor amendments by implication are favored in construing statutes. Firemen's Fund Insurance Co. v. Polk County, 260 Ark. 799, 543 S.W.2d 947 (1976). Act 77 of 1943 was passed "to provide a method of filling vacancies on Municipal Housing Authority Boards." (See title of Act 77 of 1943). Act 77 of 1943 and Act 298 of 1937 may be reconciled by noting that a method of appointment is established under Act 77 with respect to appointment is established under Act 77 with respect to vacancies, distinguishable from the mayor's power of appointment under Act 298 of 1937. Act 298 may reasonably be construed as authorizing the mayor's appointment of commissioners to five (5) year terms of office following the expiration of prior terms. The pertinent language of Act 298 of 1937 is as follows:
 ". . . thereafter commissioners shall be appointed as aforesaid for a term of five (5) years except that all vacancies shall be filled for the unexpired term."
The phrase "appointed as aforesaid" clearly relates back to the earlier reference to the mayor's appointive powers. See Act 298 of 1937, supra. The legislature's distinction between appointments upon the expiration of a term and the filling of vacancies is also reflected in this portion of the 1937 Act.
Act 543 of 1981 must, finally, be noted wherein the legislature restated this pertinent language contained in the 1947 Act, thus confirming the mayor's power of appointment following the expiration of a commissioner's term of office. If a court were to determine that an irreconcilable conflict exists in this regard between Act 77 of 1943 and Act 543 of 1981, Act 543 will control as the later act. State v. Lawrence, 246 Ark. 644, 439 S.W.2d 819
(1969). However, it is my opinion that a court would reconcile these acts and conclude that the commission's power of appointment only extends to filling vacancies. The above-referenced distinction between vacancies and expired terms, as reflected in both the 1937 and the 1981 Acts, also compels this conclusion.
It is therefore my opinion, based upon the foregoing, that the mayor has the authority to appoint a successor following the expiration of a commissioner's term of office.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.