The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on the following specific questions:
 1. Whether the Capitol Grounds Commission Act, Act 665 of 1987, repeals the authority of the Capitol Arts [sic] Commission to approve memorials and monuments placed on Capitol grounds?
 2. Whether the Capitol Arts [sic] Commission, Act 660 of 1987, usurps the Secretary of State's authority to accept art works for the purpose of display at the Capitol without the written consent of the Capitol Arts [sic] Commission?
It is my opinion, in response to your first question, that the authority of the Capitol Art Commission remains intact, notwithstanding Act 665 of 1987. Further discussion of the two pertinent pieces of legislation is necessary, however, in order to elucidate the particular areas of authority of both the Capitol Art Commission (Act 660 of 1987) and the Capitol Grounds Commission (Act 665 of 1987).
Both Act 660 of 1987 and Act 665 of 1987 contain provisions involving the location of memorials and monuments on the State Capitol grounds. Act 660, which is codified at Arkansas Code of 1987 Annotated 22-3-214 (Supp. 1987), states in pertinent part as follows under subsection (b)(1):
 No statue, statuary, fountain, monument, or memorial tablet shall be erected in the public areas of the state Capitol or on its grounds without the consent in writing of the [Capitol Arts Commission], nor shall any paintings, mural decorations, or other ornaments be placed in the public areas of the building, nor shall the walls of the public areas of the building be decorated in any way without the consent of the commission.
Act 665 of 1987, codified at A.C.A. 22-3-501, et seq. (Supp. 1987) states:
 Before any state agency shall undertake a capitol improvement project, as defined in 22-3-501, on the State Capitol Grounds, a request shall be filed with the [Capitol Grounds Commission] for its review and approval of the proposed project.
A.C.A. 22-3-504(a).
The term "project" is defined under Act 665 (A.C.A. 22-3-501(2)) as "expenditures for capital construction or for capital improvements, including landscaping on the State Capitol Grounds.," Under subsection (3)(D) of 22-3-501, "project" or "capital improvement project" includes:
 [t]he location of memorials, fountains, monuments, sculpture, and other works of art, including proposals for the relocation of any fountains, memorials, or monuments and similar facilities on the State Capitol Grounds.
One might conclude at first glance that these acts irreconcilably conflict in that both appear to require the respective Commissions' approval of, inter alia, memorials and monuments on Capitol grounds. Upon further review, however, it becomes apparent that Act 665 (A.C.A. 22-3-501, et seq. (Supp. 1987)) focuses specifically on "capital improvement projects" of state agencies. Thus, if a state agency (defined under A.C.A.22-3-501(1)) proposes expenditures for capital improvements, including "[t]he location of memorials, fountains, monuments . . .", on the State Capitol grounds, a request must be filed with the Capitol Grounds Commission for its review and approval. A.C.A.22-3-501(3)(D) and 22-3-504. Other procedures outlined under22-3-504 will also apply, including submission of the project to the General Assembly. A.C.A. 22-3-504(f).
The applicability of Act 660 of 1987 (A.C.A. 22-3-214 (Supp. 1987)) with respect to the location of memorials and monuments on capitol grounds may initially appear somewhat unclear, in light of the authority vested in the Capitol Grounds Commission pursuant to Act 665. The Title of Act 660 may offer some guidance in this regard wherein it states:
 AN ACT TO CREATE THE CAPITOL ART COMMISSION TO PROVIDE A FOUR MEMBER COMMISSION TO WORK WITH THE SECRETARY OF STATE TO SOLICIT WORKS OF ART FOR DISPLAY IN THE STATE CAPITOL. . . .
While it is true that the language used in the title of an act is not controlling, courts have held that the title may be resorted to as a means of resolving doubt in interpretation. See, Henderson v Russell 267 Ark. 140, 589 S.W.2d 565 (1979); City of Ft. Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643 (1973). In this instance, the title to At 660 indicates that the focus of that act differs from the area of concern under Act 665. In response to your specific question, it may reasonably be concluded that the Capitol Grounds Commission's authority to approve memorials and monuments on Capitol grounds extends specifically to the location of those items as presented by a state agency in connection with a proposed capital construction or capital improvement project. The Capitol Art Commission would not, in my opinion, be involved in the review process in that instance.
This conclusion is compelled by a review of the language of these acts, and by general statutory rules of construction. It must be recognized in this regard that neither repeals nor amendments by implication are favored in construing legislative enactments. Firemen's Fund Ins. Co., v. Polk County, 260 Ark. 799, 543 S.W.2d 947
(1976). Statutes must be read in harmony unless conflicting clauses cannot be reconciled. Berry v. Gordon, 237 Ark. 547,376 S.W.2d 279 (1964). And statutes on the same general subject matter must be reconciled and construed together if possible, particularly if two acts on the same subject were enacted during the same legislative session. Sargent v. Cole, 269 Ark. 121,598 S.W.2d 749 (1980).
Your second question appears to be directed toward works of art that are received by the Secretary of State through donations made on behalf of the state for the Capitol. It is my opinion that A.C.A. 22-3-214(b)(1) (Supp. 1987) will be controlling.[1] (See language, cited above.) Thus, the written consent of the Capitol Art commission must be obtained in that instance before any "statue, statuary, fountain, monument, or memorial tablet" or "paintings, mural decorations, or other ornaments" may be erected or placed in the "public areas" of the Capitol.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
Steve Clark Attorney General
[1] As noted in Attorney General Op. No. 89-011 (copy enclosed), the Capitol Art Commission was initially created under Act 22 of 1911.
[2] The Commission determines which areas will be considered "public areas" for this purpose, pursuant to A.C.A. 22-3-214(b)(2).