The Honorable David R. Malone State Senator Post Office Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
May a city of the first class annex lands that are located within the designated planning area of a city of the second class if the city of the second class does not agree that this can be done?
I assume that this question is asked with regard to lands lying outside the second class city's corporate limits, but within its planning area. See A.C.A. 14-56-413. Although a review of the pertinent statutory provisions does not offer clear guidance, it is my opinion that the answer to your question is "yes." This conclusion is based upon an interpretation of the pertinent legislation, in the absence of controlling case law on point.
Provisions governing annexation, consolidation, and detachment by municipalities are contained in Title 14, Chapter 40 of the Arkansas Code of 1987. Annexation of territory to a municipal corporation may be initiated either by owners of property adjacent to a city or town who wish to have their property become part of the city or town, or by a municipal corporation which desires to have adjacent territory become part of the city. See, e.g., A.C.A. 14-40-301, et seq., and 14-40-601, et seq.
The procedure varied under the statutes, but there appears to be no express exception with respect to lands lying within the planning jurisdiction of another city. While it may be contended that an exception must be implied under the act granting exclusive territorial jurisdiction for planning purposes (A.C.A. 14-56-413), it must be noted that neither repeals nor amendments are favored in construing statutes.* Fireman's Fund Ins. Co. v. Polk County,260 Ark. 799, 543 S.W.2d 947 (1976); Cummings v. Washington County Election Com'n, 291 Ark. 354, 724 S.W.2d 486 (1987). It is also significant to note in this regard that the legislature has expressly prohibited the separate incorporation of any territory lying within five (5) miles of an existing city, unless the governing body of the existing city consents to the incorporation. A.C.A. 14-38-101(b)(1). A similar prohibition could, presumably, easily have been applied with regard to the annexation of lands located within the designated planning area of another city. Instead, Section 14-40-301 contains only the express limitation wherein it states that the annexation provisions contained therein ". . . shall not be construed to give any municipality the authority to annex any portion of another city or incorporated town."**
It may therefore be concluded that annexation is proper so long as the applicable requirements and standards are satisfied. This will require a factual review based upon the particular circumstances of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
* Section 14-56-413(a)(1)(A) states that "(t)he territorial jurisdiction of the legislative body of the city having a planning commission, for the purpose of this subchapter, shall be exclusive and shall include all land lying within five (5) miles of the corporate limits."
** Lands lying within the second class city's planning area but outside its corporate limits do not, in my opinion, constitute a "portion of (the second class) city" for purposes of the prohibition contained in 14-40-301. It is significant to note in this regard that the territorial jurisdiction of the second class city as to lands within its planning area is exclusive only for purposes of the municipal planning statutes. See A.C.A.14-56-413.