The Honorable Ron Fuller State Representative #18 Corporate Hill Drive, Suite 201 Little Rock, AR 72205
Dear Representative Fuller:
This is in response to your request for an opinion interpreting the apparent conflict between A.C.A.22-9-403(b) and A.C.A. 18-44-503(b) (Supp. 1987). These provisions each set a time limit for the bringing of claims against a surety bond furnished by a public works contractor. Section 22-9-403(b), the earlier statute, sets a six month time limit. The new provision, 18-44-503(b), sets a twelve month limit.
It is my opinion that under the new provision, A.C.A.18-44-503(b), the time limit for filing a claim against a surety bond furnished by a public works contractor performing a state contract on which payment is approved by Arkansas State Building Services, is twelve months after final payment has been approved. For other contracts, that is, contracts of political subdivisions or taxing units which are not routed through Arkansas State Building Services, it is my opinion that the older provision,22-9-403(b) is still efficacious, and that the time limit to bring an action against the bond covering one of these contracts is still six months.
Although the statement of opinion above results in two different time period limitations depending upon the public entity involved in the contract, it is my opinion that this is the only conclusion which can be fairly reached under a proper reading of the statutes and under governing rules of statutory construction.
Section 22-9-403, enacted first, provides:
 (a) The liability imposed by 22-9-401 on any bond furnished by a public works contractor shall be deemed an integral part of the bond, whether or not the liability is explicitly set out or assumed therein. (b) No action shall be brought on a bond after six (6) months from the date final payment is made on the contract, nor shall an action be brought outside the State of Arkansas. [Emphasis added.]
Section 18-44-503, enacted in 1987 provides:
 (a) No contract in any sum, exceeding twenty thousand dollars ($20,000) providing for the repair, alteration, or erection of any public building, public structure, or public improvement shall be entered into by the State of Arkansas or any subdivision thereof, by any county, municipality, school district, or other local taxing unit, or by an agency of any of the foregoing, unless the contractor shall furnish to the party letting the contract a bond in a sum equal to the amount of the contract.
 (b) All persons, firms, associations, and corporations who have valid claims against the bond may bring an action on the bond against the corporate surety, provided that no action shall be brought on the bond after twelve (12) months from the date on which the Arkansas State Building Services approves final payment on the state contract, nor shall any action be brought outside the State of Arkansas. [Emphasis added.]
The latter provision is the codification of Act 757 of 1987. That act contains a general repealer clause which states: "All laws and parts of laws in conflict with this Act are hereby repealed." It is clear that the two statutes conflict as regards state contracts approved by Arkansas State Building Services, ("ASBS"). As such, the latter in time controls, State v. Lawrence, 246 Ark. 644,439 S.W.2d 819 (1969), and the time limit for bringing an action on the bond furnished on these contracts is twelve months after final payment is approved by ASBS.
Your question arises because not all public works contracts involve ASBS. You inquire as to the statutory time limit to bring an action on the bond furnished on such contracts. One of two conclusions can be reached in response to this question. Either22-9-403 still governs with respect to these contracts, and the time limit remains six months after final payment, or 18-44-503 was intended to also govern these contracts and the time period is twelve months from the date final payment is approved by whomever has to approve it, although it won't be ASBS.
It is my opinion that the former conclusion is the most legally sound. To the extent the two statutes do not conflict, both remain efficacious. Although18-44-503(a) discusses public contracts entered into by all public entities, not just the state itself, subsection (b) only sets a time limit for state contracts. It does not expressly set any time limit for other contracts, and to that extent does not conflict with 22-9-403(b). To conclude otherwise would be contrary to the rule that repeals by implication are not favored. Fireman's Fund Ins. Co. v. Polk County, 260 Ark. 799, 543 S.W.2d 947 (1976).
Additionally, if 18-44-503 were construed so as to apply to public contracts other than state contracts approved by ASBS, the court would have to supply the event which triggers the running of the time period. Because these contracts will never have their final payment approved by ASBS, no time triggering event is supplied for these contracts by 18-44-503, and it is my opinion that one may not be supplied by judicial fiat. Thus, it must be concluded that the time limit set in 22-9-403 remains the governing provision with regard to these contracts.
Of course, the six month time limit set by 22-9-403
will only apply to those contracts which under relevant law are not properly to be routed and approved through ASBS.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb