Mr. Maurice Smith, Director Highways and Transportation Arkansas State Highway Commission P.O. Box 261 Little Rock, AR 72203
Dear Mr. Smith:
This is in response to your request for an opinion regarding the impact of Act 959 of 1989 on Federal-aid funding for the State of Arkansas' highway safety program.
A question has arisen in this regard due to the transfer under Act 959 of all "powers, functions, duties, property, all regulatory power and functions" of the former Transportation Safety Agency to the Arkansas State Highway and Transportation Department. Acts 1989, No. 959, 23. Federal law requires that the Governor be responsible for the administration of the State Highway Safety Program as a condition of the Secretary of Transportation's approval of such program. 23 U.S.C.A. 402(b)(1)(A) (Supp. 1987)
While it is true that the State Highway and Transportation Department is administered by the State Highway Commission which, in turn, is a constitutional body created pursuant to Amendment 42
to the Constitution of Arkansas, it must also be recognized that the powers and duties of the Commission are "imposed by law." See Const. Ark. Amend. 42, 1. Reference to state laws other than those imposed in implementation of Amendment 42 is, therefore, appropriate in assessing the parameters of the Commission's administrative authority.
Specific reference must be made in this regard to Act 161 of 1967, which is codified at A.C.A. 27-73-101, et seq. This act designates the Governor as the State official ultimately responsible for administering the highway safety program. Section27-73-101 states as follows:
 (a) The Governor, in addition to other duties and responsibilities conferred upon him by the Constitution and laws of this state, is empowered to contract and to do all of the things necessary in behalf of this state to secure the full benefits available to this state under the National Highway Safety Act of 1966. In so doing, he shall cooperate with the federal and state agencies, private and public agencies, interested organizations, and with individuals to effectuate the purposes of that enactment and any and all subsequent amendments thereto.
 (b) The Governor shall be the official of this state having the ultimate responsibility for dealing with the federal government with respect to programs and activities pursuant to the National Highway Safety Act of 1966 and any amendments thereto.
 (c) To that end, he shall coordinate the activities of any and all departments and agencies of this state and its subdivisions, relating thereto.
Section 27-73-102 states that the Governor "may administer this state's highway safety programs through appropriate instrumentalities, departments or agencies of the state or through a coordinator of public safety to be appointed by the Governor."
It is my opinion that the Governor retains his administrative duties and responsibilities in this regard, notwithstanding the passage of Act 959 of 1989, supra. The legislature has not expressed its intent to abrogate these responsibilities, and it is well established that neither repeals nor amendments by implication are favored in construing statutes. Firemen's Fund Ins. Co. v. Polk County, 260 Ark. 799, 543 S.W.2d 947 (1976); Cummings v. Washington County Election Com'n., 291 Ark. 354,724 S.W.2d 486. Nor, in my opinion, does Amendment 42 automatically operate to remove this responsibility from the Governor following transfer of the Transportation Safety Agency's powers and functions to the Highway and Transportation Department. This result may be effected through a revised legislative definition of the Highway Department's powers and duties. Act 959 does not, however, itself yield this result, when that Act is considered together with Act 161 of 1967, supra.
It is therefore my opinion that Act 959 of 1989 does not impact federal funding of the state's highway safety program, since the Governor's responsibility for administering the program remains intact.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.