Mr. Kie D. Hall Executive Director Arkansas Public Employees Retirement System One Capitol Mall Little Rock, AR 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion concerning the computation of benefits in connection with military service credit for a retiring member of the Arkansas General Assembly. Your question focuses upon the benefit for a non-contributory member. You note that according to A.C.A. § 24-2-502(b)(1), the use of military service credit for a non-contributory member is to be determined under the provisions of Act 793 of 1977. The non-contributory formula is found in A.C.A. § 24-3-201 (e)(1), which was recently amended by Act 208 of 1991. Your specific question in this regard is as follows:
 In determining how to use military service credit in computing a benefit for a member of the General Assembly, would the member be entitled to $35 per month for each year of military service credit or, would the benefit for military service credit be computed as years of military service credit X 1.872% X final average salary?
It is my opinion that the benefit for military service credit would be computed as 1.872% of the General Assembly member's final average pay, for each year of military service credit. This conclusion is based upon an interpretation of the provisions in question. Section 24-2-502(b)(1) states that the applicable "benefit program" for military service credit for a non-contributory member shall be "[t]he benefit program of §§24-3-101—24-3-105, 24-3-201—24-3-214, 24-3-301—24-3-303, 24-3-401—24-3-413, 24-3-415. . . ." The annuity calculation is found in § 24-3-201(e) which, as amended by Section 4 of Act 208 of 1991, states in pertinent part:
 (e)(1) Beginning July 1, 1991, upon a member's retirement, he shall receive an annuity for life equal to the total of the following amounts: For each year of credited service resulting from employment in a position covered at any time by social security or another federal retirement plan supported wholly or in part by employer contributions, one and fifty-five hundredths percent (1.55%) of his final average pay plus, for each year of credited service resulting from employment in a position never so covered, one and eight hundred, seventy-two thousandths percent (1.872%) of his final average pay. For a member of the General Assembly, a monthly annuity equal to thirty-five dollars ($35.00) times the number of years of actual service as a member of the General Assembly. For a member of the General Assembly who served as Speaker of the House of Representatives or President Pro Tem of the Senate, a monthly annuity equal to forty dollars ($40.00) times the total number of years of actual service as a member of the General Assembly.
The 1991 amendment increased the multipliers and added the language regarding the monthly annuity for each year of actual service as a member of the General Assembly. I assume that your question arises as a result of this new language. The 1991 act clearly establishes a separate benefit program for members of the General Assembly. However, this annuity calculation is based upon years of "actual service." The annuity for each year of "credited service" is calculated under a different formula.
Although military service credit is, technically, neither "credited service resulting from employment" nor "actual service," general rules of statutory construction lead us to conclude that it should be considered as included under the credited service provisions of § 24-3-201(e), as amended. Prior to Act 208 of 1991, the credited service provisions of § 24-3-201(e) clearly comprised the applicable benefit program for credited military service. We cannot conclude, in light of this legislative history, that the new annuity calculation based upon years of actual service as a member of the General Assembly replaces this benefit formula for military service credit. Credited service in the system for military service is clearly not "actual service." This new language regarding actual service should not, in my opinion, be construed to amend or repeal prior law which applied the credited service formula in connection with military service credit. Neither repeals nor amendments by implication are favored in construing statutes. Firemen's FundIns. Co. v. Polk County, 260 Ark. 799, 543 S.W.2d 947 (1976).
It is therefore my opinion that the benefit for military service credit for a member of the General Assembly should be computed as 1.872% of final average salary, for each year of credited military service.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb